FRED L. SMALL, Administrator, Appellee, v. BENJAMIN P. WICKS, Appellee; STEPHEN WICKS, Appellant,

**Homestead**: MORTGAGE : FORECLOSURE : PRACTICE.

*Appeal from Clinton District Court.*—HON. A. HOWAT, Judge.

SATURDAY, FEBRUARY 7, 1891.

ACTION in equity for the foreclosure of a note and mortgage executed by the defendants. The defendant, Benjamin P. Wicks, made default, and a decree was entered against him. The defendant, Stephen Wicks, having answered, the cause was submitted, and decree entered against him, from which he appeals.—*Affirmed.*

*Ellis & McCoy*, for appellant.

*P. B. Wolf*, for appellee.

GIVEN, J.—I. The real estate described in the mortgage was owned in fee simple by Adelia B. Wicks. the wife of the appellant, and was occupied by them as their homestead up to the time of her death in 1863. She left the appellant and several children surviving her. On March 29, 1880, these defendants jointly extended the note and mortgage sued upon ; Benjamin P. Wicks covenanting in the mortgage "that he has good right to sell and convey said premises," and the appellant therein releasing "all right of dower, and * * * relinquishes and conveys all right of homestead in said premises." The appellant contends that, as his was a mere right of homestead, a possessory right, that ended with his possession, it could not be conveyed to another, and that abandonment would not validate a conveyance theretofore made of the homestead right. The appellant had an unquestioned right to hold this property as a homestead so long as he lived, and the rights of the heirs of Mrs. Wicks were subordinate thereto, but whenever the homestead right was terminated by death or otherwise they became at once entitled to the property. See *Butterfield v. Wicks,* 44 Iowa, 310, a case against this appellant, and involving this same right of homestead. That case is cited and relied upon by the appellant, but there is a marked distinction between it and this. In that case, this appellant alone executed the mortgage upon his homestead. and the mortgage was of the homestead right alone ; in this, he joined with one having an interest in the property, subject to the appellant's right of homestead. In this case it is not a question whether the appellant alone could mortgage his homestead, nor whether before the homestead was terminated an heir or assignee of an heir could mortgage his interest, but whether both joining could make a valid conveyance. If the homestead rights were terminated,

then surely Benjamin P. Wicks had an interest that he could convey, and if, for a valuable consideration, the holder of the homestead joined in the conveyance, he thereby terminated his homestead right, and the two estates were blended in one conveyance. It does not follow that because the appellant could not convey his right to possession he could not make a valid agreement to terminate that right by surrendering or abandoning his possession. Surely. he could have made a valid contract with the heirs to render their estate vested and complete by agreeing to surrender or abandon his possession. By joining in this note and mortgage, he agreed, for a valuable consideration, that if default was made in the payments he would render the estate of Benjamin vested and completed by terminating his right of homestead. In none of the cases cited by appellant does it appear that the conveyance was made jointly as in this case, and they are not in conflict with the views we have expressed.

II. Upon Benjamin P. Wicks making default, a decree was entered against him, and afterwards, on the hearing, as to the appellant, ano'her decree was entered against him. The appellant contends that but one decree should have been entered; that the case should have stood upon the default until hearing was had upon the issues joined by him, and then a single decree entered. Such a course might have been pursued, but there was no reason why the appellee should be delayed in having a decree against the defendant in default until the issues were heard as to the defendant appearing. Satisfaction of either decree will be satisfaction of the other, and the appellant cannot be prejudiced by the fact of the two decrees being entered.

This discussion disposes of the case, and leads to the conclusion that the decree of the district court against appellant must be AFFIRMED.