Stevens v. Stevens.

AFFIRMED.

STEVENS ET AL. v. STEVENS ET AL.

1. **Homestead** : DOWER : SURVIVOR MUST ELECT. The surviving husband or wife cannot enjoy at the same time both dower and homestead in the real estate of decedent, and must elect which of those rights he or she will take.

| 50 | 491 |
| 80 | 398 |
| 50 | 491 |
| J98 | 45 |
| 50 | 491 |
| 115 | 369 |
| e115 | 370 |
| 50 | 491 |
| 136 | 542 |
| 50 | 491 |
| 140 | 693 |

*Appeal from Boone Circuit Court.*

THURSDAY, APRIL 10.

THIS is an action of the heirs at law of Rebecca Stevens, deceased, for partition of the S. ½ of the S. W. ¼, and S. W. ¼ S. E. ¼ of section 24, township No. 82, range 27, and the north half of lot 5, section 22, township 82, range No. 26, being in all one hundred and forty acres of land. The court found that the plaintiffs and the defendant James Stevens are the owners in fee by inheritance from their mother, Rebecca Stevens, of the land above described, the interest of each being one-eighth part, and directed partition thereof accordingly. The defendant Elizabeth Stevens excepted and appeals. The material facts are stated in the opinion.

*I. N. Kidder,* for appellant.

*Hull & Ramsey,* for appellees.

DAY, J.—In 1858 A. C. Stevens was seized in fee and in possession of all the land in controversy. On the 6th

1. HOMESTEAD: dower: survivor must elect.

day of January, 1858, A. C. Stevens made a deed to his son Henry, by which he intended to convey this land. There was a mistake in the deed by

which the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 24 was described as the S. W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$. Henry Stevens took and retained possession of the land for two years, and on the 7th day of April, 1860, he conveyed it to his mother, Rebecca Stevens, the deed containing the same misdescription as that in the deed to him. The buildings were upon the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of the section, being the west forty-acre tract. A. C. Stevens again moved on the land in 1865. His wife, Rebecca, died in January, 1873, seized of all the land. In November of that year A. C. Stevens commenced an action against all his children to confirm the title in him, alleging that the deed to Henry, and from Henry to his mother, Rebecca, was for the purpose of creating a trust, and that he was the actual owner of the land.

The defendants filed a cross-bill asking that the deeds be reformed and the misdescription corrected. By the judgment of the court in May, 1875, the petition of A. C. Stevens was dismissed. No entry was made of any action on the cross-bill to reform the deeds. In January, 1874, A. C. Stevens married the defendant Elizabeth Stevens. He remained in possession of all the land until the time of his death. In 1875 he erected a new dwelling, worth about five hundred dollars, upon the homestead forty. A. C. Stevens died in December, 1875. The defendant Elizabeth Stevens has been in possession of the homestead forty since her husband's death. Certain mechanic's liens upon the house were transferred to her, for which the court allowed her. The plaintiffs in this action ask that the mistake in the deeds may be corrected. No question is now made as to the mistake in the deeds, nor as to the power of the court to correct it. The only question presented is as to the right of the appellant Elizabeth Stevens to a homestead in the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of the section. Appellant concedes that A. C. Stevens was not entitled to both homestead and dower rights in the land of which his wife Rebecca died seized, and that if he had

made no claim to any other portion of the land than the homestead, after his wife's death, he would then have been presumed to have made an election to hold the homestead, and the case would come within that of *Butterfield v. Wicks*, 44 Iowa, 310. It is insisted, however, that A. C. Stevens claimed all the land in his own right, paid taxes and made valuable improvements thereon after his wife's death; that he did not claim a homestead, but claimed a fee—the extent of the land in which the fee was held to be determined by law—and that this not having been determined during his life, should now be determined, and the appellant should be allowed a homestead therein.

It is true A. C. Stevens did claim all the land in his own right, until the suit which he instituted against his children was determined adversely to him, in May, 1875. The evidence shows that after that suit was determined he claimed the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of the section as his homestead, and said he would hold it as such, and that his children could not get that. The evidence shows that at the time of the death of Rebecca Stevens the homestead forty was worth almost as much as the remaining eighty, so that, after the suit above named was determined against A. C. Stevens, he claimed much more than he was entitled to as dower. We think that A. C. Stevens elected to hold the west forty of the land in question as his homestead. His right therein was merely to use and occupy during his life. He had no title to the property. He had no interest therein which his widow, Elizabeth Stevens, could hold as a homestead after his death. Upon his death the property passed, by the ordinary rules of descent, to the legal heirs of his former wife, Rebecca. See *Butterfield v. Wicks*, 44 Iowa, 310.

The judgment of the court below is·

AFFIRMED