Burdick v. Kent.

BURDICK v. KENT ET AL.

1. **Homestead:** DOWER IN: WHEN NOT SET APART. Where a husband continued to occupy the homestead of his deceased wife until his death, although he had elected to take his distributive share of the same, and proceedings for the admeasurement of his interest were pending at the time of his decease, it was held that the homestead character of the property was not lost, and that the devisees of the wife were entitled to the entire homestead, free from the debts of the husband.

| 52 | 583 |
|---|---|
| 85 | 534 |
| 52 | 583 |
| 87 | 517 |
| 52 | 583 |
| 89 | 392 |
| 52 | 583 |
| d91 | 319 |
| 52 | 583 |
| 95 | 700 |
| 52 | 583 |
| J98 | 46 |
| 52 | 583 |
| 139 | 625 |

*Appeal from Scott Circuit Court.*

WEDNESDAY, DECEMBER 10.

ACTION to set aside an order or judgment of the Circuit Court. There was a decree for the plaintiff, and the intervenor Thompson appeals.

*Charles Whitaker, L. M. Fisher* and *D. B. Nash,* for appellant.

*Clark & Heywood,* for appellee.

SEEVERS, J.—Rosalie Campbell was the owner of the real estate in controversy, and at the time of her death it was occupied by her and William P. Campbell, her husband, as their homestead. The said Rosalie executed a will, and, omitting notice of a bequest, which is immaterial, she thereby devised the real estate to Franklin Fearing, in trust, with directions to sell the same and

1. HOME-
STEAD: dower
in: when not
set apart.

pay the proceeds in equal portions to two of her grand-children. The plaintiff is guardian of said children.

Rosalie Campbell died in 1875, and William P. Campbell continued to occupy said premises until June 15, 1878, when he died. Some time previous to his death, said William P. elected to take his distributive share in said real estate in lieu of his right to occupy the same as his homestead during his life. Upon his application the Circuit Court, in June, 1877, ordered "that the dower or interest of W. P. Campbell be admeasured," and appointed referees to set the same apart. In March, 1878, the referees reported that the premises were not susceptible of division, and thereupon the court ordered the referees to proceed and sell the same and pay one-third of the proceeds to said Campbell, and directed them to report to the court " their acts and doings touching the sale of said property and the disposition of the proceeds thereof."

Nothing was done under this order during the life-time of said Campbell, but after his death, the referees being about to sell said real estate, this action was brought to restrain the sale and to set aside the order of the court adjudging that said Campbell was entitled to a distributive share thereof. The administrator of said Campbell intervened and alleged there were certain debts of the estate which had been allowed, and which should be paid, and that there was no property belonging to said estate except the interest in the real estate aforesaid. The intervenor asked that the injunction be dissolved and the referees allowed to proceed with the sale.

In substance, the relief asked by the plaintiff was granted, but the court ordered that certain costs incurred in the proceeding to admeasure the dower or distributive share of said Campbell should constitute a charge upon the real estate.

I. It is not regarded as material whether the real estate, as such, was devised to said children, or only the proceeds thereof, and, therefore, it should be held to be a devise of personal property only; for the legal title under the will either vested in them or in said Fearing, in trust for their benefit, and, if the latter be true, we think the plaintiff could well invoke the action of the court to protect and enforce the trust.

II. The petition avers that said William P. " continued to occupy the premises as his homestead up to .the time of his death." Because not denied this allegation must be deemed true. The surviving husband or wife may continue to occupy the homestead until otherwise disposed of by law. Upon the death of the survivor, the homestead descends to the issue of such survivor, unless it has been otherwise disposed of by will, exempt from any antecedent debts of their parents or their own. Code, sections 2007, 2008. It being true that Willliam P. Campbell continued to occupy the premises as his homestead until his death, it is difficult to see how it can be made liable to the payment of his debts. But it is unnecessary to base the decision alone on such thought.

Section 2008 of the Code further provides that " the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be * * a disposal of the home-stead." The meaning and intent of the statute is that, when the distributive share is " set off," the homestead right becomes extinct. 'But the mere election is not sufficient, nor does it matter how far the proceedings may have progressed, short of the final order "setting off" the distributive share. Until such order has been entered the right to occupy the premises as a homestead continues, and the said Campbell having died in possession, the real estate in the absence of a will would have descended to his issue ·exempt from his debts. But as there was a will the estate descended to the wards of the plaintiff, or to Franklin Fearing in trust for them. The Circuit Court, therefore, rightly, we think, restrained the sale of the premises.

AFFIRMED.