## BRADSHAW v. HURST ET AL.

1. **Homestead:** TEMPORARY ABANDONMENT: EVIDENCE OF. The owner of a homestead left the same for a temporary purpose, and went to the State of Kansas with her husband and kept house and abode there, but without any intention of permanently residing in Kansas. About a year later she died in Kansas, and her husband died there a few months later. *Held,* that her homestead rights still continued, notwithstanding the temporary abandonment; and that as her husband's distributive share in her estate was not set off to him during his lifetime the homestead was not liable for his debts, but descended to the children exempt from any antecedent debt of their parents or their own.

57 745
87 175
57 745
89 399
89 497
57 745
d91 319
57 745
96 333
J98 46
57 745
104 298
57 745
116 244

*Appeal from Jefferson Circuit Court.*

### FRIDAY, MARCH 24.

THE petition states the plaintiff is administrator of the estate of L. Hurst, and that the personal property is insufficient to pay the indebtedness. The relief asked is an order empowering the plaintiff to sell certain real estate, which it is claimed belonged to the said Hurst at his death. The defendants are heirs at law of the deceased and state in the answer that Margaret Hurst was the wife of L. Hurst. That she died before he did and that she was the owner in fee simple of said real estate; that the same was her homestead at her death, and that said L. Hurst continued to hold said premises as his homestead until he died, therefore the same descended to the defendants free from the debts of either of their ancestors. The plaintiff replied that long prior to the death of said Margaret, the premises had been abandoned as a homestead, and that L. Hurst, after the death of Margaret, elected to take one-third of the property in lieu of his homestead right. Trial to the court, a finding of facts and judgment for the defendants. The plaintiff appeals.

*D. P. Stubbs,* for appellant.

*McCuid & West,* for appellees.

SEEVERS, CH. J.—In substance but a single question is presented by counsel for determination, and that is whether there was an abandonment of the homestead. The evidence is not before us. We therefore are bound by the facts found. The facts bearing on the question above stated are:

1. HOME-STEAD: temporary abandonment: evidence of.

"L. Hurst and wife, Margaret, left their homestead, described in the application herein, on the —th day of September, 1877, for a temporary absence, and after a few week's traveling, kept house and abode in Parsons, in the State of Kansas, until they both died, the doctor going into the drug business at that place, and voting and becoming a citizen there. The date of his intention to become a citizen, or of his citizenship there, does not appear. Nor does it appear what knowledge Margaret Hurst had, or that she had any knowledge, of the doctor's intention to become, or the fact of his becoming, a citizen of the State of Kansas. She did not intend to abandon her homestead described, or to become a permanent resident of Kansas, or to change her residence from the State of Iowa, and intended her stay away from the homestead to be but temporary.

L. Hurst, deceased, died without applying for, or having his share in fee, or any share in the premises described, admeasured, and same never has been set off to him in severalty, but he was, after Margaret Hurst's death, appointed guardian of the persons and property of the defendants and, at the time indicated by the clerk's certificates, filed the papers and petitions hereto annexed as exhibits "A."

The papers referred to show that L. Hurst filed a petition in the proper court, which was sworn to in Kansas, stating that the defendants, his wards, inherited a two-thirds interest as heirs of their mother, Margaret Hurst, and that it would be to their interest to sell the said interest. Such an order was asked and granted. Mrs. Hurst died in Kansas in September, 1878, and her husband in January following.

The burden, under the issue, was on the plaintiff to show an abandonment of the homestead. *First Nat. Bank of Davenport v. Baker, ante*, p. 197. As the Hursts left Iowa for a temporary purpose, an intention to return and occupy the homestead must have existed. Mrs. Hurst did not intend to abandon her homestead or become a permanent resident of Kansas. It, therefore, follows that at her death she was a citizen of Iowa and entitled to her homestead, unless previous to her death her husband became a citizen and resident of Kansas, and Mrs. Hurst's residence or citizenship became the same as that of her husband. It will be conceded the residence, citizenship, or domicile of a married woman is ordinarily the same as that of her husband. But we have seen her husband left Iowa for a temporary purpose and that the intent to return existed. He, therefore, continued to be a citizen of Iowa until a contrary intent was formed and he acquired a residence in Kansas. A citizen of this State does not lose his rights incident thereto until he becomes a resident of another State with an intent not to return or becomes a citizen of such State. The intention to return having existed must be presumed to continue until the contrary intent is formed. This is true as to the temporary character of the absence from this State. It will be presumed to be the same until the intent is formed to make such absence permanent. It will be conceded Mr. Hurst became a resident of Kansas, but when he became so does not appear. We think the burden was on the plaintiff to show that he became such resident before the death of his wife. As this does not appear we feel constrained to hold under the facts found that both L. Hurst and his wife were citizens of and entitled to homestead rights in this State.

The statute provides "upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of by law." Code, § 2007. "The setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a

disposal of the homestead as is contemplated in the preceding section." Code, § 2008. Upon the death of either husband or wife there cannot thereafter be an abandonment of the homestead by the survivor if the title was in the deceased, except by a setting off of the distributive share of such survivor in the real estate of the deceased. *Burdick v. Kent*, 52 Iowa, 583.

As no such setting apart was made the homestead descended to the defendants at the death of their father, exempt from "any antecedent debts of their parents or their own." Code, § 2008.

                                                        AFFIRMED.