## DARRAH, ADM'R, v. CUNNINGHAM ET AL.

1. **Homestead**: DEATH OF OWNER: ELECTION OF SURVIVING SPOUSE. Upon the death of either husband or wife, there cannot be thereafter an abandonment of the homestead by the survivor, if the title was in the deceased, except by setting off the distributive share of such survivor in the real estate of the deceased. No mere election is sufficient for that purpose. (*Burdick v. Kent*, 52 Iowa, 583, and *Bradshaw v. Hurst*, 57 Id., 745, followed.) Accordingly, *held* that, where the surviving husband, in his last will and testament, declared his election to take a one-third interest, instead of a homestead interest, in his deceased wife's real estate, and made provision for the sale of such one-third interest, and the distribution of the proceeds, but the one-third was not set apart to him during his life-time, and he continued to reside on the homestead until his death, the election was of no effect, and upon his death the homestead descended to his heirs, and could not be sold by the wife's administrator to pay claims against her estate.

*Appeal from Scott Circuit Court.*

WEDNESDAY, JUNE 22.

THE plaintiff, who is administrator of the estate of Elizabeth A. Saddoris, seeks by this action to procure an order of sale of real estate of decedent to pay debts. There was a

| | |
|---|---|
| 72 | 123 |
| 80 | 399 |
| 72 | 123 |
| 81 | 726 |
| 72 | 123 |
| 87 | 517 |
| 72 | 123 |
| 89 | 392 |
| 72 | 123 |
| d91 | 320 |
| 72 | 123 |
| J98 | 45 |
| 72 | 123 |
| f107 | 268 |

decree that the land was not subject to sale for the payment of debts. The plaintiff appeals.

*Bills & Block*, for appellant.

*D. B. Nash*, for appellees.

ROTHROCK, J.— The material facts in this case are as follows: Elizabeth A. Saddoris died on the 12th day February, 1884. At the time of her decease, and for a long time prior thereto, she was the owner in fee of a farm of about fifty-eight acres upon which she and her husband, William Saddoris, resided; the same being their homestead, they living in the dwelling-house situated thereon. After the death of the said Elizabeth A. Saddoris, her said husband continued to reside upon and occupy the whole of the homestead premises until his death, which occurred on the 7th day of July, 1885. On the 23d day of June, 1885, William Saddoris made his last will and testament, in which he declared that it was and had been his intention not to claim a homestead interest in the land, but that he intended and desired to own and possess one-third in value thereof as his distributive share of his wife's estate. The will empowered his executor to sell his one-third interest in the land, and divide the proceeds among certain named legatees. The evidence shows that, after the death of his said wife, William Saddoris repeatedly stated that he intended to take one-third of the real-estate. Elizabeth A. Saddoris left certain children and grandchildren surviving her as her heirs. The question to be determined is, did William Saddoris take a distributive share of the real estate, and was the same thereby divested of its homestead character, so as to become liable for the payment of the debts of his deceased wife?

Section 2007 of the Code is as follows: " Upon the death of either husband or wife, the survivor may continue to occupy the whole homestead, until it is otherwise disposed of according to law." And section 2008 provides as follows:

"The setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is contemplated in the preceding section." It appears to us that the question to be determined is not an open one in this state. In the cases of *Burdick v. Kent*, 52 Iowa, 583, and *Bradshaw v. Hurst*, 57 Id., 745, this court, in construing the sections of the Code above cited, held that no mere election is sufficient to divest the property of its homestead character. In the last-named case it is said: "Upon the death of either husband or wife, there cannot thereafter be an abandonment of the homestead by the survivor, if the title was in the deceased, except by setting off the distributive share of such survivor in the real estate of the deceased. As no such setting apart was made, the homestead descended to the defendants, at the death of the father, exempt from any antecedent debts of their parents or their own."

The decree of the circuit must be

AFFIRMED.