MOBLEY v. MOBLEY

1. **Estates of Decedents:** WIDOW'S SHARE OF LAND: DEVISE OF, WITH-
OUT SETTING APART. Where the owner of a homestead and other
land died, leaving a widow, and she devised her interest in the estate of
her deceased husband to another, but herself died without having her
distributive share set apart to her, the devise carried nothing. because,
without such setting apart, she had no title to a distributive share in
fee, but only to the homestead for life. (Compare *Darrah v. Cunning-
ham*, 72 Iowa, 123, and cases there cited.)

*Appeal from Madison District Court.*

WEDNESDAY, DECEMBER 21.

ACTION to obtain partition of real estate. The relief
asked by one of the defendants was granted, and the plaint-
iff and other defendants appeal.

*V. Wainwright*, for appellant.

*A. W. C. Weeks*, for appellee.

SEEVERS, J.—A finding of facts was made by the court,
which we adopt. In our judgment it is correct, and sus-
tained by the evidence in every particular. The issue is
clearly stated therein, and the question to be determined
clearly indicated. It is as follows: "(1) Andrew J. Mobley,
on or about the 5th day of July, A. D., 1886, died intestate,
seized in fee-simple of the northwest quarter of the south-
west quarter of section 35, and southeast quarter of south-
east quarter of section 34, 74, 29, Madison county, Iowa.
(2) That Mary Mobley was the widow, and Hezekiah Mobley,
Willis Mobley and Rebecca L. Hudson were the only surviv-
ing children, of said Andrew J. Mobley; and that the minor
defendants, John Mobley, Effie May Mobley and Edna Maud
Mobley, were the children of a deceased son of said Andrew
J. Mobley, who died before his father; and that there are no
other heirs at law of said decedent, Andrew J. Mobley. (3)
That at the time of his death, and for many years prior

thereto, the said Andrew J. Mobley and his wife, Mary Mobley, occupied the said northwest quarter of the southwest quarter of section 25, township 74, range 29, as their homestead; and that, after the death of said Andrew J. Mobley, his widow, Mary Mobley, continued to reside on and occupy said land, up to the time of her death, which occurred on or about December 25, 1886; and that said Mary Mobley did not apply for nor have her distributive share in the lands of said Andrew J. Mobley set apart to her during her life; and that this action was commenced prior to her death. (4) That, prior to her death, said Mary Mobley orally leased the said homestead forty acres to Robert Hudson, the husband of Rebecca L. Hudson, for the term of the life of said Mary Mobley. (5) That, prior to her death, said Mary Mobley made her last will and testament, in and by which she devised unto Rebecca L. Hudson all the interest of said testatrix in and to the estate of A. J. Mobley, deceased. (6) The court finds that W. F. Walker is administrator of the estate of Andrew J. Mobley, deceased; that there is no personal property belonging to said estate; and that it will be necessary to use part of the proceeds of said real estate for the payment of the debts and charges against the said estate. (7) The court finds that said lands cannot be equitably divided into the requisite number of shares, and that a sale thereof is necessary, and that it will be to the interest of all the parties that such sale be at private sale. It is therefore considered, adjudged and decreed by the court that the several shares of the parties hereto be established and confirmed as follows, to-wit: To the plaintiff, Hezekiah Mobley, one-sixth of said estate; to Rebecca L. Hudson, one-third of said estate, as devisee of Mary Mobley, deceased, and one-sixth of said real estate as heir at law of Andrew J. Mobley; and to Willis Mobley, one-sixth of said estate; to John Mobley, one-eighteenth of said estate; to Effie May Mobley, one-eighteenth of said estate; and to Edna Maud Mobley, one-eighteenth of said estate. That said real estate be sold at public

Mobley v. Mobley.

or private sale. That so much of the proceeds of said sale as may be necessary, and as shall hereafter be ordered by the court for that purpose, be turned over to the administrator of Andrew J. Mobley's estate, and that the balance be held by the referees for further orders of this court; and the court appoints J. D. Love, Wesley Cochran and Cass Pindle referees herein, and fixes their bond at three thousand dollars. The court also appoints W. W. McKnight, Thomas Greer and John Herr as appraisers of said lands. To all of which the plaintiff Hezekiah Mobley, the defendant Rebecca L· Hudson, and S. G. Ruby, guardian *ad litem* for the minor defendants, except."

The single question to be determined is whether the widow of A. J. Mobley, under the facts stated, is entitled to a distributive share of the real estate of which her husband died seized. This question was directly presented, and determined adversely to the appellee, in *Darrah v. Cunningham*, 72 Iowa, 123. It therefore follows that the court erred in rendering the judgment it did. It is said that the decisions of this court as to the question determined in the cited case are not harmonious, but this is a mistake. Some of the cases referred to were decided under statutes different from those now in force, and the apparent conflict is because of this fact.                                                        REVERSED,