ORA M. WILCOX, Appellee, v. SARAH E. WILCOX et al., Appellants.

1. Estates of Decedents: HOMESTEAD: WIDOW'S ELECTION AFTER MORTGAGE OF DISTRIBUTIVE SHARE. Where, five years after the death of her husband, and while continuing to occupy the homestead, a widow executed a mortgage upon her undivided one third interest in her husband's estate, and afterwards executed another mortgage upon the same and the undivided interest of one of the heirs, which she, with another heir, had acquired by conveyance, and thereafter the widow filed a petition to have such distributive share set apart to her, and a decree was entered according to her prayer, but was subsequently set aside on the petition of one of the heirs, held, that she could not thereafter make her election to take the homestead, and thus defeat the lien of said mortgages,

2. ———: DOWER: HOMESTEAD: ELECTION. The primary interest of a
widow in her husband's estate is her distributive share, and an elec-
tion is necessary only when she desires to take the homestead in lieu
of dower; but there may be an express election to take the distrib-
utive share, and any act indicating such election will negative an in-
tention to take the homestead, though continuing to occupy it for a
number of years.

*Appeal from Mahaska District Court.*—Hon. A. R.
Dewey and Hon. D. Ryan, Judges.

Monday, October 16, 1893.

WILLIS C. WILCOX died in 1881, seized of about
one hundred and twenty-five acres of land, of which
forty acres constituted his homestead. He left surviv-
ing him a widow, Sarah E. Wilcox, and seven children,
among whom were the plaintiff, Ora M., and William
H. and Richard D. Wilcox. All the land is in one
tract, and has since been occupied by the family. No
administration was ever had on his estate. This suit
is by one of the heirs, and is for a partition of the land.

A distribution of the land among the widow and
all the heirs would give to her, the widow, seven
twenty-firsts, and to each of the heirs two twenty-firsts.
Since the death of Wilcox, Richard D. has conveyed
his interest to his mother and William H. Wilcox, so
that each has one half thereof, or an additional one
twenty-first part of the land, making the widow's
interest eight twenty-firsts, and that of William H.
Wilcox three twenty-firsts. The petition for partition
represents that the widow is entitled to the use and
occupancy of the homestead during her natural life,
and that she desires to occupy the same in severalty,
and a confirmation of shares is asked on the basis of
this homestead right to the widow, which would make
the shares, outside of the homestead forty acres, as
follows: To the widow one fourteenth, to W. H.
Wilcox three fourteenths, and to the five heirs each
one seventh.

On the twenty-ninth day of April, 1887, the widow executed a mortgage to C. P. Searle on the undivided one third of all the land for one thousand, two hundred dollars, who afterwards assigned the mortgage to one Buxton, who is a defendant. On the second day of February, 1888, the widow and William H. Wilcox made a mortgage to B. F. Hostetter for one thousand, five hundred and three dollars, and twenty-three cents on the "undivided thirteen twenty-firsts" of all said lands, subject to the mortgage to Searle given by the widow. On the seventh day of December, 1888, the widow filed her petition in court to have set off to her one third of the land as her distributive share of the real estate under the law, and also her interest therein because of her purchase from Richard D. Wilcox, and a decree was entered to that effect. The decree was afterwards, on motion of W. H. Wilcox, set aside, because of a failure of service on him, and afterwards the widow withdrew her petition, and no further action was taken in that proceeding. The mortgages were each foreclosed, the lands sold on execution, and deeds given in pursuance thereof. Buxton and the representatives of Hostetter, now deceased, are parties defendant, and by answer insist on the validity of their respective mortgages, under the facts of their execution, and the election by the widow in her proceeding to have set off to her her distributive share. The decree of the district court sustained the claim of the widow to a homestead right, and denied partition in regard thereto; the effect of the decree being to discharge the widow's share in the estate from the operation of the mortgages and proceedings thereunder, except as to one fourteenth thereof, purchased from Richard D. Wilcox. J. E. Buxton and L. A. and H. H. Hostetter, administrators, appeal.—*Modified and Affirmed.*

*John F. & W. R. Lacey,* for appellants.

*Seevers & Seevers,* for Ora M. Wilcox, appellee.

*L. C. Blanchard,* for Kalbach & Son, appellees.

GRANGER, J.—A few facts will bring us to the pivotal question. Something more than five years

1. ESTATES of decedents: homestead: widow's election after mortgage of distributive share.

after the death of her husband, the widow, Sarah E. Wilcox, made to Searle a mortgage on what would be her distributive share in her husband's estate, and obtained one thousand two hundred dollars, and warranted the title against all persons whomsoever. Soon after, she placed another mortgage on the same and the one fourteenth obtained from Richard D. Wilcox, and received upwards of one thousand, five hundred dollars. It is not to be even doubted that these mortgages were given with the understanding that she had determined to take her distributive share in the real estate. Soon after, she filed her petition to have such share set apart to her, and a formal decree was entered to that effect. In her petition for distribution she says "that the plaintiff, Sarah E. Wilcox, is entitled to dower in said real estate, to wit: The undivided one third thereof in fee simple, in value, and she elects and avers that the same should be set off to her in these proceedings in fee simple, to be absolutely hers." She now seeks, by withdrawing her petition, to take her homestead right, and defeat the mortgagees of the security she so solemnly pledged, and without any proffer to return the money obtained. It is important to know upon what theory of the law it can be done.

*McDonald v. McDonald,* 76 Iowa, 137, is cited for the support of such a rule. *Egbert v. Egbert,* 85 Iowa 525, expressly qualifies the apparent scope of some lan-

guage in that case, from which is deduced a broad rule
that, so long as the homestead is occupied by the
widow, there can be no such election to take the dis-
tributive share; that a mortgage on the homestead, as
a part of the distributive share, will be valid before the
share is actually set apart. The qualification goes to
the right of an election to take the distributive share
during such occupancy, and authorizes it. She may
elect by having the distributive share set apart "or
otherwise make an election." The right of occupancy
continues until the homestead is otherwise disposed of.
Code, section 2007. It is not so disposed of as to
defeat the right of occupancy until the distributive
share is set off. Code, section 2008. We think no
case is to be found in which it is held that the law so
ties the hands of a survivor, entitled to homestead
rights, that he or she may not so contract with refer-
ence to a distributive share that the homestead right
may be defeated. See *Small v. Wicks*, 82 Iowa, 744.
In *Darrah v. Cunningham*, 72 Iowa, 123, it is held that
an election in a will, and by declarations during occu-
pancy, would not so defeat the homestead character as
to render it liable for debts. That case cites *Burdick v.
Kent*, 52 Iowa, 583, and *Bradshaw v. Hurst*, 57 Iowa,
745, both of which have reference to homestead prop-
erty being liable for debts. *Mobley v. Mobley*, 73
Iowa, 654, is not of a different import, but is deter-
mined upon the authority of the last cited cases. The
holding in *Schlarb v. Holderbaum*, 80 Iowa, 394, does
not support the conclusion claimed by the appellee in
this case. The only case to be relied upon is that of
*McDonald v. McDonald*, 76 Iowa, 137, which was
expressly modified in the *Egbert case* so as to permit
an election in other ways than by an actual setting off
of the distributive shares. We attach great importance
to the contractual relation of the parties in this case,
which relation existed, it is true, in the *McDonald case*,

but in that case there was no election to take the distributive share, except in so far as one should be inferred from the fact of making the mortgage, while in this case there is the same inference, followed by an express declaration of record to that effect, from which the finding may be made that the election was in pursuance of the contract. A rule of law that would permit such an election to be withdrawn with an effect, if not a purpose, to defeat the obligations of contract, would be violative of every principle of natural justice. No equitable thought is suggested in support of a rule permitting the widow to thus prove false to her obligations, but only the force of a claimed precedent in some of the cases cited. We are clear that the adjudications, considered together, support no such rule.

Some misapprehension arises from different statements as to the right of occupancy of the homestead under the provisions of Code, sections 2007, 2008. It does not follow from the language of those sections, nor the holdings thereunder, that an election may not be made to take the distributive share before it is actually set off. In the *Egbert case*, as well as others, the thought is prominent that the right to the distributive share is primary; that the election should be as to the homestead, and that a right to a distributive share is only defeated when a homestead election is made; but, of course, there may be an act indicating an election to take the distributive share, and that is what is meant when the term is used, and not that such an election is necessary to secure it. In this case there was this express election to take the distributive share, which proves unmistakably that at that time there was no election to take the homestead, and that the then occupancy was only during the time it was being "disposed of according to law;" that is, being set off. Conceding that, in the absence of her contract, she might

2. ——: dower: homestead: election.

recede from it, and resume or adopt a permanent occupancy of the homestead, she should not be permitted to do so in violation of her voluntary obligation to the contrary. Our conclusion is that the respective shares should be confirmed on a basis of a distributive share to the widow, and not on that of a homestead right, and partition be had accordingly.

By a stipulation, the case, as to other questions involved in this appeal, is to stand affirmed, and a final decree is to be entered in the district court in accord with this opinion, and it is remanded for that purpose. MODIFIED AND AFFIRMED.