W. B. R. STEPHENS, *et al.*, Appellants, v. JAMES C. HAY, *et al.*

| | |
|---|---|
| 98 | 37 |
| 103 | 492 |
| 98 | 37 |
| 105 | 374 |
| 98 | 37 |
| 107 | 266 |
| 98 | 37 |
| a109 | 706 |
| c109 | 707 |
| 98 | 37 |
| d131 | 175 |

**Distributive Share:** ELECTION. The election by a widow to take her distributive share in the real estate of her deceased husband, in lieu of retaining the homestead for life, is established by evidence that on her re-marriage within a few years of his death, she deeded to her second husband one-third of the land, notwithstanding the fact that before such second marriage, and after it, she continued, with her children, to occupy the premises as a homestead, said occupancy being less than the ten years allowed by statute in which to make election. *McDonald v. McDonald*, 76 Iowa, 137, and *Zwick v. Johns*, 89 Iowa, 550, *distinguished*.

DEEMER and KINNE, JJ., dissenting.

*Appeal from Sac District Court.*—HON. GEORGE W. PAINE, Judge.

MONDAY, APRIL 13, 1896.

ACTION in equity, for the partition of real estate. A demurrer to the petition was sustained, and, the plaintiffs refusing to plead further, judgment was rendered in favor of the defendants. The plaintiff, W. B. R. Stephens, appeals.—*Reversed.*

*F. M. Davenport* and *Earle & Prouty* for appellants.

*R. M. Hunter* for appellees.

ROBINSON, J.—The material facts alleged in the petition and admitted by the demurrer, are substantially as follows: Charles A. Hay died, intestate, on the thirteenth day of November, 1888, owning the southwest quarter of the southwest quarter of section 8, and the northwest quarter of section 17, all in township 86 north, of range 36 west, in Sac county, containing two hundred acres. The land was subject to a mortgage for one thousand six hundred and fifty dollars, and a commission mortgage for 1 per cent. of that sum. The decedent left a widow and four minor children, who are his only heirs, the eldest of whom was fourteen, and the youngest six years of age, when the petition was filed, in August, 1894. The land was occupied by Hay and his family as a homestead, and, when he died, the title thereto vested in his widow and children. The widow was appointed administratrix of his estate, and, after settling it, was discharged, in April, 1891. Afterwards, at a time not shown, she married W. B. R. Stephens, and gave to him a deed for one-third of the land. She and her children occupied the land as a homestead after the death of Hay, until her marriage to Stephens, and since that event she and her husband have occupied it as a homestead, and the children of Hay have lived with them. The plaintiffs are W. B. R. Stephens and his wife, and the defendants are the four children of Hay. The petition alleges, that W. B. R. Stephens is the owner of an undivided one-third of the land; that each defendant is the owner of an undivided one-sixth of it; and that the plaintiff, Jennie Stephens, has a contingent interest in it as a homestead, because of the right therein of

her husband. The petition asks that the respective shares of the parties to the action, in the land, be settled; that it be partitioned, so far as is practicable; and that so much of it as cannot be partitioned be sold, and the proceeds of the sale be divided; and that the costs of the action be taxed to the parties to it. The first ground of the demurrer is stated as follows: "(1) Said petition states facts which avoid a cause of action, in this: Because it states the title to the land described in said petition, to have been in C. A. Hay, deceased, at the time of his death, and that it was his homestead, and was so occupied by him at the time of his death, and that it was the homestead of his wife and children after his death, and that it is their homestead at this time; that the petition does not show that the widow has ever elected to take her distributive share in the real estate described in the petition; that the petition shows on its face that W. B. R. Stephens has no title in, and to, the real estate set out in the petition, or any part thereof, and therefore, cannot maintain the action; that the petition shows that Jennie Stephens has elected to occupy the homestead for life." This ground presents the controlling questions in the case, although the general equitable ground of demurrer is also set out.

The land in question comprises two hundred acres, but the petition refers to it as though all of it were used as a homestead. The reference is somewhat ambiguous, and it is quite probable that the pleader did not intend to say that all of it was occupied as the statutory homestead. But in view of the conclusions we reach, the intention of the pleader in that respect is not material.

Sections 2007 and 2008 of the Code are as follows:

"2007. Upon the death of either husband or wife, the survivor may continue to possess and occupy the

whole homestead until it is otherwise disposed of according to law."

"2008. The setting off of the distributive share of the husband or wife, in the real estate of the deceased, shall be such a disposal of the homestead as is contemplated in the preceding section, but the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deaeased."

It is not definitely stated that the conveyance from the widow of Hay, to her present husband, was of an undivided one-third of the land, but the averments of the petition as a whole, warrant the conclusion that it was, and, for the purposes of this appeal, it will be so considered.

It was said in *Egbert v. Egbert,* 85 Iowa, 534 (52 N. W. Rep. 478), that it is the primary right of the survivor to take a distributive share in the estate of the deceased spouse; and in *Wilcox v. Wilcox,* 89 Iowa, 393 (56 N. W. Rep. 517), it was said that "in the *Egbert Case,* as well as others, the thought is prominent that the right to a distributive share is primary; that the election should be as to the homestead; and that a right to a distributive share is only defeated when a homestead election is made; but, of course, there may be an act indicating an election to take the distributive share, and that is what is meant when the term is used, and not that such an election is necessary to secure it." A rule of general application is that when the survivor has occupied the homestead for a reasonable time, without indicating an intention to take a distributive share of the estate of the deceased spouse, the presumption arises that there has been an election to retain the homestead for life. *Egbert v. Egbert, supra.* But what occupation of the homestead will authorize such a presumption, will depend on all the facts in the case, and, when the presumption arises, it may be rebutted. Cases arising

under the provisions of law in question, were reviewed in *Wilcox v. Wilcox, supra*; and it was held, in effect, that continued occupation of the homestead by the survivor, would not prevent the making of a contract in regard to the distributive share, which would defeat the homestead right. In that case it appeared that the surviving widow and seven children occupied the homestead and other land from the death of her husband until the action was commenced. About six years after his death, the widow executed a mortgage on an undivided one-third of the land, for the consideration of one thousand two hundred dollars; and nine months later she executed a second mortgage, for a consideration of about one thousand five hundred dollars. Ten months after the execution of the second mortgage, she filed a petition in the proper court, asking that one-third of the land be set off to her as her distributive share, and a decree to that effect was rendered. The decree was afterwards set aside, however, and her petition was then withdrawn. The mortgages were foreclosed, the mortgaged share of the land was sold, and sheriff's deeds therefor executed. The action referred to was then brought for the partition of the land, and it was sought to have awarded to the widow the right to occupy the homestead for life. But this court held that her acts constituted an express election to take a distributive share of the estate in lieu of the homestead for life, from which she could not recede, and that her occupancy of the homestead was only during the time her distributive share was being set off. The rule of that case is applicable in this. The petition does not show how long the widow of Hay occupied the homestead before she executed the deed to Stephens, but it was certainly less than six years. Nothing but the fact of occupancy is shown which tends to indicate an election to take the

homestead for life in lieu of a distributive share in the real estate; and whether that occupation was brief, or whether it was continued for nearly six years before the conveyance to Stephens was made, does not appear. There is no inconsistency between the occupation of the premises by the plaintiffs and the defendants, which is shown, and the claim now made that the widow of Hay took a distributive share of his estate. It was natural and to be expected that she and the children would occupy the homestead together after the death of husband and father; and, while that occupation by the widow may have authorized the presumption that she had elected to take the homestead for life, yet her act in executing an irrevocable deed for an undivided one-third of the land to Stephens was evidence of a very satisfactory character that she intended to take a distributive share in the estate, That evidence was corroborated in the most solemn manner by her act in coming into court, and joining her present husband in declaring that she acquired from her former husband one-third of the land in questien, that she conveyed that interest to her co-plaintiff, and that he is now entitled to it. If these declarations are true, the fact that she and her grantee and the children occupy the entire premises as a homestead is immaterial to any question raised by the demurrer.

The appellees, to support the decision of the district court, rely chiefly upon two cases, the first of which is *McDonald v. McDonald,* 76 Iowa, 137 (40 N. W. Rep. 126). But the rule announced in that case was considered, and its operation restricted in *Egbert v. Egbert, supra.* See, also, *Wilcox v. Wilcox, supra.* The second case upon which the appellees rely is that of *Zwick v. Johns,* 89 Iowa, 550 (56 N. W. Rep. 665). It appears in that case, that the widow filed in the proper court, a petition asking to have her distributive

share in the estate of her deceased husband set off to her, but that she changed her mind, abandoned the proceedings, and determined to occupy the homestead in lieu of taking her distributive share. She contracted a second marriage, and, with her second husband, executed a quitclaim deed for their interest in the land, to secure a debt, and at the same time they executed a mortgage on her unassigned dower interest, to secure the payment of a note. In the spring of the next year, she leased the land for a term of two years, acting for herself, and as guardian, in so doing. The family then disposed of its personal property, except the bedding, and left the state, but with the intention of returning at the termination of the lease. This court found, notwithstanding the acts indicating an intention on the part of the widow of the decedent to take a distributive share in his estate, in lieu of her homestead right, that she had elected to take the latter, because of her long continued occupation of the homestead, and her declaration of an intention to retain the homestead in lieu of a distributive share in the estate, continuously made after she dismissed the proceedings commenced to obtain such share. That case involved material and controlling facts not shown to have existed in this.

It is to be remembered that in this case the occupation of the homestead by the widow was not continued so long as to bring the case within the statute of limitations, as in *Conn v. Conn*, 58 Iowa, 748 (13 N. W. Rep. 51). Section 2444 of the Code permits an application by a widow, to have her distributive share in the estate of her deceased husband set off, to be made at any time after twenty days, and within ten years after his death. No unequivocal act or declaration of an election to retain the homestead, is shown in this case, and, if there has been unnecessary delay by the widow, in making known her intention to

claim her distributive share, it is not shown that any-one will be prejudiced by it. Nor is it shown that the conduct of the widow has been at any time incon-sistent with the claim she and the appellant now make. We conclude that the demurrer should have been overruled, and the judgment of the district court is therefore REVERSED.

DEEMER, J.—(Dissenting). Charles Hay died, intes-tate, November 13, 1888. After his death, his widow continued to use and occupy the homestead, as such, until the commencement of this suit. Administra-tion was granted on the estate of the deceased, Febru-ary 27, 1889, and the administrator was discharged in April, 1891. The widow made her conveyance to plaintiff, March 6, 1894, more than five years after the death of her husband, and four years after the appoint-ment of the administrator. No explanation is given for the continued use and occupancy of the home-stead by the widow, and no reason is offered why it should not be treated as an election to take the homestead in lieu of dower. According to the majority opinion, this unexplained occupancy does not create even a *prima facie* case of an election; and, under the rule adopted therein, there is no rea-son why the surviving widow may not have both homestead and distributive share; indeed, I think this is exactly what the opinion holds. All she need do is to convey the interest which might be set aside to her, in timely and proper proceedings, to her second hus-band, if she have one; and, she may then continue to use and occupy the premises as a homestead during her natural life. Or, to state it differently, she may use and occupy the homestead for any length of time without being held to an election, and may at any time make a conveyance to a third per-son, which will carry an undivided one-third interest

in the land.  The other heirs are helpless, for the grantee of the widow is not bound to have the widow's share set aside.  He may bring partition at any time until the statute of limitation bars him of relief, and, as the other heirs are tenants in common, the statute would not begin to run until there was an ouster.  No election is presumed from the occupancy, and she cannot be compelled to take her distributive share.  The opinion certainly holds that occupancy is no evidence of an election, and that the widow is not barred of her distributive share, no matter what she does, until the lapse of ten years from the death of her husband, and that she is not then barred because of her possession of the property, but by reason of the statute (Code, section 2444).

    I do not concur in any of these propositions.  We have repeatedly held that the widow cannot have both homestead and distributive share, and that an election once made to take either the one or the other, is binding and conclusive.  *Butterfield v. Wicks*, 44 Iowa, 310; *Meyer v. Meyer*, 23 Iowa, 359; *Briggs v. Briggs*, 45 Iowa, 318; *Stevens v. Stevens*, 50 Iowa, 491; *McDonald v. McDonald*, 76 Iowa, 137 (40 N. W. Rep. 126); *Zwick v. Johns*, 89 Iowa, 550 (56 N. W. Rep. 665); and other cases following these.  The cases of *Holbrook v. Perry*, 66 Iowa, 286 (23 N. W. Rep. 671), and *Darrah v. Cunningham*, 72 Iowa, 123 (33 N. W. Rep. 445), are, also, closely in point on this proposition.  We have frequently and uniformly held that the continued occupancy of the premises by the surviving husband, or wife, will be regarded as an election to hold the property as a homestead, and that the making of a will or conveyance of, or mortgage upon the undivided one-third interest of the property, by the survivor, does not amount to an election which will control as against the inference to be derived from the continued use of the property.  *Darrah v. Cunningham, supra;*

*Burdick v. Kent*, 52 Iowa, 583 (3 N. W. Rep. 643);
*Bradshaw v. Hurst*, 57 Iowa, 745 (11 N. W. Rep. 672);
*Mobley v. Mobley*, 73 Iowa, 654 (35 N. W. Rep. 691);
*Zwick v. Johns* and *McDonald v. McDonald, supra.* In
the *Mobley Case* the facts were that the husband died
July 5, 1886, seized of eighty acres of land. The
widow continued to use and occupy the homestead
forty up to the time of her death, December 25, 1886.
She did not ask that her distributive share be set
aside, but, prior to her death, made a will in which
she devised all of her real estate to a daughter, under
which state of facts we held that the daughter took
nothing under the will of her mother, because her
mother had elected to take the homestead in lieu of
her distributive share. There was no reason for say-
ing this, except for the occupancy by the widow for the
period of five months; yet in the case at bar the
majority hold that occupancy for nearly six years
creates no presumption even of an election. In the
*Zwick Case* the husband died May 28, 1882, seized of
eighty acres of land. The widow continued to
use and occupy the homestead until the fall of
1883, when she married Prinkey. After that she
continued to use the property as a homestead until
early in the year 1888. Mrs. Prinkey died in 1888.
A creditor of the Prinkeys recovered judgment against
them, and sold an undivided one-third of the eighty
acres in satisfaction thereof. The action was
brought by a guardian of the minor children of Smith,
the deceased, to restrain the purchaser at the execu-
tion sale from taking possession under the deed. It
appeared in evidence, that in 1884, the widow filed a
petition, asking to have her distributive share set
aside, but that she afterward changed her mind, and
abandoned the same. In August, 1887, she and her
husband quit-claimed all their right and title in the
land, to one Groff, the deed being made, however, to

secure a debt; and at the same time they executed a mortgage on the unassigned dower interest of Mrs. Prinkey, in the eighty acres, to the same party, to secure the payment of a note. In 1888, the widow leased the land to one Smith, for a term of years, and, just before she died, she promised to give a mortgage on her interest in the lands, to a creditor. Under such a state of facts, we held there was an election on the part of the widow to take the homestead, and that the execution of the deeds, mortgages, and leases, did not defeat it, or change the rule. In that case, we said, in considering the question as to what would constitute an election to take the homestead: "This rule is, that when, under all the circumstances, the survivor has occupied the homestead for a reasonable time, in which to make an election under the statute, and has failed to have the distributive share set apart, or otherwise made an election, the presumption of an election from such occupancy arises. Such presumption will then prevail, unless overcome by proof showing election to the contrary." In that case the occupancy was for not quite six years. Five years after the death of the husband, she made a mortgage of her undivided one-third interest. In the case at bar the occupancy was for the same length of time, and the widow made a deed instead of a mortgage, nearly six years after her husband's death. In the one case, we hold there was an election to take the homestead, by reason of the occupancy; and, in the other, that the occupancy of the homestead is no evidence whatever, and that the making of the deed was an election to take distributive share, although the widow remained in the possession of the homestead, even after the making of the deed. Why this distinction between the making of a mortgage and a deed, I cannot understand. In the *McDonald Case*, in 76 Iowa, 137 (40 N. W. Rep. 126), the widow made a mortgage of her undivided

one-third interest in the lands, within three years of the death of her husband; yet she continued to use and occupy the homestead for the period of five years. We there held that the making of the mortgage was not an election, but that her possession for the term of five years was, and we confined her interest to a homestead for life. In that case, five years' occupancy overcame a mortgage of an undivided one-third interest, made within three years of the death of her husband. In this case we hold that a deed made six years after the death of the husband, overcomes the presumption of an election, and that no inference can be drawn from the fact of possession alone. In the *Darrah Case*, the wife died in 1884, seized of fifty-eight acres of land. The husband continued to occupy the homestead for the period of sixteen months. Fifteen months after the death of his wife, he made a will, in which he declared that he had not intended to take the homestead, but that he intended and desired to own and possess one-third in value of his wife's land. The will also directed the executors to sell his one-third interest in the land. The husband said repeatedly, after the death of his wife, that he intended to take one-third of her real estate. It was held in that case, as I understand it, that the husband took the homestead, and not the distributive share. No other reason can be given for the conclusion reached. The case of *Bradshaw v. Hurst*, is along the same line. So also is the *Burdick-Kent Case*. In the *Butterfield-Wicks Case*, we said that the occupancy of the property by the husband, as a homestead, may well be regarded as an election to hold it as a homestead, and not a part of it merely as dower; and it was further held that the husband in that case, from occupancy alone, had elected to take the homestead in lieu of distributive share, although he had made a mortgage upon his dower interest within two years

from the death of his wife. In the case of
*Egbert v. Egbert*, 85 Iowa, 525 (52 N. W. Rep. 478),
we applied the rule of the *McDonald Case*, Mr. Jus-
tice Given writing the opinion, and we there said:
"The language of that opinion, as applied to the facts
of that and like cases, is correct. * * * She [Mrs.
Egbert], had the right to occupy it for a reasonable
time, in which to make an election whether to retain
such possession for life, or take a distributive share,"—
citing *Cunningham v. Gamble*, 57 Iowa, 46 (10 N. W.
Rep. 278), and *Thomas v. Thomas*, 73 Iowa, 657 (35 N.
W. Rep. 693). Continuing, the court says: "When
the survivor has occupied after a reasonable time,
without having the distributive share set apart, or
otherwise making an election, the presumption of an
election from the occupancy, arises."

I need not specifically refer to the other authori-
ties I have cited. They are all in line with those
quoted from, and it is apparent, that the rule I con-
tend for, has been the law of this state for more than
twenty-five years. It is a rule of property, and ought
not to be disturbed at this late date, except for impe-
rious necessity. The case of *Wilcox v. Wilcox*, relied
upon by the majority, is not in conflict with the opin-
ions I have quoted. It is fully explained in the case
of *Zwick v. Johns*, and I need not take up the space
needed to distinguish the case. The earliest, as well
as the latest decision of this court, is with me, and, if
there is any conflict in our authorities, it can all be
reconciled by returning to the plain and reasonable
rule announced in *Thomas v. Thomas*, 73 Iowa, 657 (35
N. W. Rep. 693).

To state it briefly, I would say that the primary
right of the survivor is, perhaps, the distributive share,
but that, after the expiration of the year for the filing
of claims, the survivor, if he continues to occupy the
premises, is put to an election as to which he will take,

homestead or distributive share, and, if he remains in the possession and occupancy of the homestead for more than a reasonable time in which to make such election, after the expiration of the year for filing claims, such occupancy will be regarded as an election, which will conclude him; that an election once made is conclusive, at least until set aside by proper proceedings; and that, when his rights once become fixed, he cannot change them to the prejudice of the other heirs or the creditors. If the survivor should not remain in the possession or use of the premises, or should not continue therein for more than the reasonable time to make an election, then the primary right to take the distributive share, passes the one-third in value to the survivor. It also follows that an unequivocal election, to take the distributive share made at a proper time, will be binding upon the survivor. These rules are equitable, reasonable, and just, and I think, should be adhered to and definitely announced. I am firmly convinced that the decree of the lower court was right, and I think that it ought to be affirmed. If it is to be reversed, we ought to squarely overrule the cases I have cited, and not leave the profession in doubt as to what the rule is in such cases.

I am authorized to say that Mr. Justice Kinne concurs in this dissent.