John Deere & Co., Appellant, v. R. Meyer, et al., Appellees; A. C. Boylan, et al., Appellants.

**Descent and distribution:** homesteads: election. The execution of quitclaim deeds by a surveying spouse to property outside the homestead, will not be held a conclusive election to take a distributive share of the estate, where a formal written election to retain the homestead for life in lieu thereof was filed within three months from the granting of administration and there was an actual occupancy thereof by the survivor.

*Appeal from Fayette District Court.*— Hon. L. E. Fellows, Judge.

Tuesday, July 10, 1906.

SUIT in equity to quiet title and· to partition certain réal estate.   Decree dismissing plaintiff's petition, as well as the claims of certain defendants.   Plaintiff and some of the defendants appeal.— *Affirmed.*

*Clements & Clements,* for appellant John Deere & Co.
*A. C. Boylan,* for appellants Henney Buggy Co. and Boylan.

*Ainsworth & Estey,* for appellees.

DEEMER, J.— Louisa Meyer died in January of the year 1901, seised of the property in dispute, consisting of a town lot and two tracts of land, one of twenty and the other of twelve acres.   She left surviving her husband, Rudolph, and seven children, each and all of whom are defendants herein.   At the time of her death the twelve-acre tract, with ·the improvements thereon, was used and occupied by herself and family as a homestead; and after her death the husband and his children, or some of them, continued their use and occupancy of the premises as the family dwelling place.   January 23, 1901, Rudolph Meyer made, executed, and caused to be recorded two quitclaim deeds to certain of his children, one for the town lot and the other for the twenty-acre tract of land.   These children, the grantees, were each adults, and the deeds were never delivered to ·or accepted by them.   Rudolph Meyer said in his testimony, that he made the deeds without consulting the grantees, and that he made them with the notion that, as he was going to keep the homestead, he should deed the other property to his children.   When these children learned of the making of the deeds they reconveyed the lands covered thereby to their father.   They never had possession of the property described therein, and reconveyed as soon as they learned of the conveyances to them.   Administration was granted upon the estate of Louisa Meyer July 18, 1901, and on September 28, 1901, Rudolph filed in the Probate Court a written elec-

tion to take the homestead for life in lieu of his distributive share. At the time of the death of Louisa, some of the appellants held judgments against Rudolph, and they or some of them caused executions to issue and to be levied upon an undivided one-third interest in all the lands of which Louisa, the wife, died seised. Thereunder this interest was sold to plaintiff and defendant Boylan, and in due time sheriff's deeds issued therefor. This action is to quiet the title acquired under the deeds, and to partition the lands. As will be observed, the question raised on this appeal relates to a claimed election made by Rudolph, the husband, to take his distributive share in lieu of the homestead, or rather to a failure on his part to show an election to take the homestead in lieu of distributive share.

Code, section 2985, provides that upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, and that the setting aside of the distributive share shall be such a disposition. The same section also provides that the survivor may elect to retain the homestead for life in lieu of distributive share. It is doubtless true that in the absence of any showing as to an election, a surviving spouse will be deemed to have taken a distributive share; and that there must be some evidence of an election to take the homestead in lieu thereof, before such right will be established or recognized. But this may be found from occupancy alone, or from other testimony tending to show such purpose. In the present case within three months from the time administration was granted, the surviving husband filed a formal written election to take the homestead in lieu of his distributive share, and he has continued to use and occupy the homestead as such ever since the death of his wife.

But appellants contend that, in making the quitclaim deeds, he evinced an election to take distributive share, and that such election once made is conclusive and irrevocable.

That an election once made is conclusive is conceded; but appellees contend that the making of the quitclaim deeds to. property other than the homestead, did not evince an election to take a distributive share; and that in any event the deeds being ineffective for want of acceptance and delivery should not be considered evidence of an election. We do not see why the making of these quitclaim deeds should be considered an election to take distributive share. Taken alone they are quite as consistent with one claim as the other, and when considered with the other testimony it is perfectly clear that the grantor, Meyer, did not intend thereby to make an election to take a distributive share. Indeed, the contrary is clearly shown. The case is ruled by *Zwick v. Johns,* 89 Iowa, 550; *Mobley v. Mobley,* 73 Iowa, 654, and other like cases. *Wilcox v. Wilcox,* 89 Iowa, 388, and *Stephens v. Hay,* 98 Iowa, 37, relied upon by appellants, are not in point. In each of these cases there was a deed of bargain and sale, or its equivalent for the survivor's one-third in fee; and in the Wilcox Case the widow filed her petition and had her distributive share set apart before making an election to take homestead. In the Stephens case it also appeared that the widow's continued occupancy was not inconsistent with her former assertion of right to a distributive share. The writer and one other member of the court dissented from the conclusion in the Stephens case, and to that dissent he still adheres. But whether that case was ruled correctly or not it is not conclusive here. There is no element of estoppel here as in the Wilcox case. Here the deeds were not delivered, never became operative, and no one relied thereon to his prejudice. Appellants are not good-faith purchasers for value, and there are no equities in their favor, as in some of the cases relied upon by them.

Reduced to its last analysis the question is; Did Rudolph Meyer, in executing the quitclaim deeds for the purpose disclosed, make a conclusive election to take a distributive -share? Manifestly he did not; and the decree dismissing

the petitions and claims under the sheriff's deeds is correct, and it should be, and it is, *affirmed.*