N. WHITED *et al.*, Appellant, v. JOHN S. PEARSON *et al.*

**Property Out of Which Distributive Share is Taken May Include Homestead.** Where a widow has not elected to take the homestead or to take under the will, the homestead becomes part of the property out of which she takes her distributive share.

*Appeal from Cass District Court.*—HON. WALTER I. SMITH, Judge.

THURSDAY, FEBRUARY 8, 1894.

ACTION for the partition of real estate. There was a hearing on the merits, and a decree, from which the plaintiffs and certain defendants appeal.—*Affirmed.*

*H. G. Curtis* for appellants.

*Willard & Willard* for appellees.

ROBINSON, J.—In April, 1889, L. Whited died testate. At the time of his death he owned and occupied, as a homestead, lot 11 of block 135 in the city of Atlantic. His wife survived him, and died in September next following his death. The husband left children by a former wife, and one child, Sidney Whited, of whom his widow was the mother, and grandchildren. She left that child, and also children by a former husband. This action is brought for the partition of the

homestead, the plaintiffs being the children of L. Whited (excepting Sidney) and certain grandchildren. The defendants are the children of the widow and include Sidney. The plaintiffs claim that none of the defendants excepting Sidney are entitled to any portion of the lot. The cause was heard on the evidence submitted in the trial of the case of *Whited v. Pearson* (decided at the January term, 1893), 87 Iowa, 513, 58 N. W. Rep. 30, and involves the construction and effect of the will which was considered in that case. The district court adjudged that the widow did not acquire any interest in the property in controversy under the will, but that she was entitled to a distributive share of one third of the lot. It was conceded that a division of the lot could not be made, and the district court ordered that it be sold, and that one third of the proceeds be paid to the children and heirs of the widow, and that the remainder be paid to the other parties to the action. The parties last named are the appellants.

I. In the case of *Whited v. Pearson* we considered and determined several questions involved in this case, and held that the widow did not elect to retain the homestead for life in lieu of her distributive share in the estate, that she had not consented to accept the provisions of the will, and that her estate included one third of the realty of her deceased husband. What we said in that case is applicable in this, and need not be repeated.

II. It is said, however, that this case involves a question not determined in the other, which is stated by the appellant as follows: "To whom does the homestead itself, which was owned by the husband, descend on the death of the wife, who has occupied it as a homestead during her lifetime?" It is contended that the widow continued to occupy the homestead after the death of her husband, and, as her distributive share was not ascertained and set off to her, it will be

conclusively presumed that by so occupying the homestead she elected to retain it for life in lieu of other interest in the real estate. The character and effect of her occupation of the homestead were fully considered in *Whited v. Pearson*, and it was held that she had not elected to retain the homestead for life, and, in effect, that her heirs were entitled to one third of the real estate of which her husband died seized. That includes the homestead, and, as the cases were heard on the same evidence, the decision in that case is controlling in this. The question presented by counsel does not fully present the material facts in this case, and need not be determined as one of general application. The decree of the district court is AFFIRMED.