EVE S. HEMPING AND SUSAN BURNER, Appellees, v. WILLIAM S. HEMPING AND OTHERS, Appellants.

Homestead: ELECTION OF WIDOW: AGREEMENT TO WILL: EVIDENCE. The occupancy of property by a widow, including the homestead, under an agreement of the heirs of deceased to waive their legal right to distributive shares therein during her lifetime, will not establish an election on her part to take a homestead interest in the property, so as to entitle the heirs to enforce the agreement against her as a waiver of her right to a distributive share: nor will the arrangement be given effect as an agreement by the widow to make a will devising her interest in the property in equal shares to her children.

*Appeal from Story District Court.*—HON. W. D. EVANS, Judge.

THURSDAY, MARCH 11, 1909.

THE opinion states the material facts.—*Affirmed.*

*Dyer & Hull,* for appellants.

*Fitzpatrick & McCall,* for appellees.

WEAVER, J.—On March 6, 1897, John N. Hemping, Sr., a resident of Story County, Iowa, died intestate seised of one hundred and seventy acres of land in said county, forty acres of which constituted his homestead. He left surviving him his widow, Eve Hemping, one of the plaintiffs herein, and seven children, John N. Hemping, Jr., William S. Hemping, Aaron I. Hemping, Susan Burner, Mary Pyfer, Lizzie Bahr, and Kate Hemping, his only heirs at law. Later the daughter Kate Hemping died intestate, leaving her mother her only heir. The daughters Mary Pyfer and Lizzie Bahr are also now deceased, but the matter of the descent of their several estates is not material to the disposition of this appeal. Within a few days after the death of their father, all of the children, except Mrs. Burner, met at the family home and there made and executed to their mother a writing (subsequently signed by Mrs. Burner also) in the following words: "An agreement of the Heirs of John S. Hemping, Sr. Colo, Iowa, March 11, 1897. We, the undersigned, heirs of John N. Hemping, Sr., agree to waive all our right in his property, located in Story County, Iowa, in favor of his wife, Eve Hemping, who is to have absolute control of said property, during the rest of her natural life. John N. Hemping. W. S. Hemping. Susan Burner. Mary Pyfer. Lizzie Bahr. Kate Hemping. Aaron Hemping."

At the same time a separate writing was executed by the heirs agreeing to contribute to the reimbursement of such of them as had paid or should thereafter pay

off the expenses incurred in the last sickness and burial of their father; final adjustment of such account to be made when the estate should be finally settled. From this date until the beginning of the present controversy the widow continued in the occupancy, use and enjoyment of all of said lands, including the homestead, and the son Aaron Hemping lived with her. In the year 1905 dissension arose between some of the children, and thereafter there was a dispute or disagreement as to the nature and effect of the writing which they had given their mother. In 1906 William S. and John N. united in bringing an action in equity against their mother, alleging that she had elected to take homestead rights instead of a distributive share in the land, that the writing of March 11, 1897, had been given to her by the heirs in consideration of her waiver of a distributive share and her election to take a life estate therein, and a decree was asked adjudging and declaring her right in the land to be limited to a life estate only, and that the writing executed to her as aforesaid be reformed to express the agreement of the parties to that effect and for further relief. After the beginning of said action, the mother, with whom the daughter Susan Burner joined, instituted an action claiming to be the owner of a one-third interest in the land as widow of John N. Hemping, Sr., and an additional undivided one-seventh of the remaining two-thirds of said land as heir of her deceased daughter Kate, and asked partition of said property between herself and the surviving heirs at law. During the progress of the case she also entered a written relinquishment or waiver of any further right or claim under the writing of March 11, 1897. By order of the court the two cases were consolidated under the title of the latter and were tried together as one. The court found in favor of the widow that she had not elected to take homestead rights and had not accepted the writing

of March 11, 1897, in consideration of a release or waiver of her distributive share, and decreed a partition as prayed. From this decree the defendants (except Aaron I. Hemping) have appealed.

An impartial consideration of the record leaves no room for doubt as to the correctness of the conclusion reached by the trial court. The only parol evidence offered by the defendants having any direct bearing upon the meaning and intent of the parties in the agreement of March 11, 1897, is given by the sons William S. and John N., which is as follows: Referring to the meeting of the children at the mother's home and the talk which led up to the writing: "Mother said she wanted things left just as they were when father lived until she was dead. Then she wanted them divided even among the children. We talked that one-third of the property would not keep mother, and we all agreed, that was there, to let mother have the use of the property just as it was as long as she lived. We talked it over, and we all agreed that the estate should stand as long as mother lived, and she should have the income." The trouble with appellants' case is that every word of this testimony may be accepted as literally true, and it is in no manner inconsistent with the assertion of the mother that she did not agree or intend to relinquish her distributive share in the property. The writing as made expresses all which these witnesses themselves express, and there is no evidence whatever that there was any material mistake or omission in its terms. Nor is there anything shown in the conduct of the mother with reference to the property which is inconsistent with her present claim to a distributive share. True she continued to occupy and use the homestead as a place of residence, but she had the right to do so under the written waiver or consent which her children had given her, and, so long as her occupancy may fairly be referable to that

instrument, it can not operate as evidence of an election to take homestead rights.  *Robson v. Lambertson,* 115 Iowa, 366.

Counsel advance the theory that the agreement between the parties, if not enforceable as a release of the widow's claim to a distributive share, should at least be given effect as an agreement by her to make a will devising her interest in equal shares to her children; but, as already remarked concerning her alleged waiver of her distributive share, such a holding would have no support in the record.  No such thing appears to have been suggested by any one.  Indeed, for the purposes of this case, it is not necessary for us to find there was any promise of pecuniary or property consideration on the mother's part for the execution of the writing in controversy.  It is enough that the sons and daughters, recognizing the apparent needs of their widowed mother, provided for her declining years by voluntarily waiving for her benefit their legal right to the enjoyment and use of their several shares in the estate during the remainder of her life.  The transaction has all the appearance of a gift— a free will offering—which they had a right to make, and which she had a right to accept without either of them being held to have relinquished his or her claims to the fee of the land.  It is to the credit of the children that they should have thus regarded the interests and secured the comfort of their parent in her old age, and it is only to be regretted that the same tenderness should not have been sufficient to restrain them from forcing her into litigation with her own flesh and blood.  The essential facts are practically undisputed.  The equities are clearly with the appellees.

The decree of the District Court is *affirmed.*

EVANS, J., taking no part.