CONN v. CONN ET AL.

| 58 | 747 |
|----|-----|
| 81 | 726 |
| 58 | 747 |
| 98 | 43 |
| 58 | 747 |
| 105 | 374 |
| 58 | 747 |
| 115 | 369 |

1. **Estates**: RIGHT TO DOWER: OCCUPANCY OF HOMESTEAD: ELECTION. A widow may take her distributive share of the real estate owned by her husband, or she may occupy the homestead for and during her life, but she cannot take both; and her occupancy of the homestead for more than ten years should be regarded as an election to take the homestead for life, instead of a distributive share or dower.

2. ———: MORTGAGES: FORECLOSURE: TENANT IN COMMON: REDEMPTION. In such case, where the widow executed a mortgage upon the homestead and other property, which was a lien upon the share inherited by her from a deceased child, and the mortgage was foreclosed, the purchaser at the mortgage sale thereby became a tenant in common with the other heirs, and could not thereafter acquire a tax title to the prejudice of his co-tenants; and an intervenor who held such interests by a quitclaim deed would have no greater rights, and could not complain of the order allowing the heirs to redeem from the tax title by paying the amount necessary therefor with six per cent interest thereon.

*Appeal from Butler Circuit Court.*

TUESDAY, JUNE 13.

ACTION for partition of real estate. There was a reference, and upon the coming in of the report the same was confirmed. From the judgment the intervenor appeals.

*H. C. Hemenway,* for appellant.

No appearance for appellee.

SEEVERS, CH. J.—The undisputed facts are, that in 1866 Robert Conn died intestate, seized of eighty acres of land. He left surviving him a widow, who intermarried with defendant Eggleston. He also left surviving him four children, one of whom is the plaintiff, two are defendants and one died without issue prior to the commencement of this action.

In 1876 the widow of deceased and her husband Eggleston executed a mortgage upon said premises to the defendant Faunce, which has been foreclosed, and the premises sold and

conveyed by the sheriff to said Faunce. In 1875 said real estate was purchased by one Craig at delinquent tax sale, who paid certain subsequent taxes and conveyed his interest to Faunce, to whom the premises were conveyed by the county treasurer, and afterwards Faunce conveyed the premises by quitclaim deed to the intervenor. The referee found that the widow of Robert Conn and her children resided upon and occupied said premises as their homestead until 1878, when the widow abandoned the same, leaving said children residing thereon, and that prior to the execution of the mortgage the widow had elected to take the homestead for life.

The questions presented by counsel are:

I. Whether the widow can take of the real estate owned by her husband, both her distributive share or dower, as it was designated when Robert Conn died, and the homestead for and during her life. It has been more than once held that she may take either, but not both. *Myer v. Myer*, 23 Iowa, 359; *Butterfield v. Wicks*, 44 Id., 310.

1. ESTATE: right to dower: occupancy of homestead: election.

II. Is there in the case at bar sufficient evidence the widow elected to take the homestead. In *Butterfield v. Wicks*, it was said: "The occupancy of the property * * as a homestead may well be regarded as an election to hold it as a homestead and not a part of it merely as dower." That the occupancy of the homestead at some period of time should be regarded as sufficient evidence of an election to take it for life in preference to dower or a distributive share must, we think, be true. The only thing which tends to evince the occupancy of the homestead should not be regared as an election is the execution of the mortgage, but this was not executed until more than ten years after the death of Robert Conn. During all that time the premises were occupied by the widow as a homestead, and no claim was made to have her claim admeasured. She must be presumed to have known she could not have both dower and occupy the premises as a homestead. We think her occupancy of the homestead for more

than ten years should be regarded as an election to take it for life. Actions for the recovery of real estate are barred at ten years, and such period is sufficient evidence of an election to take the homestead instead of a distributive share.

III.   The next question is as to the right of the heirs to redeem from the tax sale.   As to two of them, the right is conceded on the ground of minority.   The right of one of the heirs, as we understand, to redeem, is contested.   The evidence is not all before us, but Faunce acquired title under the mortgage foreclosure in July, 1878.   When Faunce acquired the interest of the purchaser at the tax sale, we are unable to say, as such fact was not found by the referee, and the evidence showing such fact has been omitted. `As one of the children of Robert Conn died without issue prior to the execution of the mortgage, the latter became a lien upon the share of Mrs. Eggleston which she inherited from such deceased child. Upon the foreclosure of the mortgage and sale thereunder, such interest became vested in Faunce.   In the absence of the evidence we must presume Faunce acquired the interest of the purchaser at the tax sale after he became vested with the title to the share of the deceased child.   Faunce then was a tenant in common with the other heirs of Robert Conn, and it is believed to be well settled that one tenant in common cannot acquire a tax title to the prejudice of his co-tenants.   *Weare v. Van Meter*, 42 Iowa, 128; *Fallon v. Chidester*, 46 Id., 588.   The intervenor has no better right than Faunce because he holds under a quitclaim deed.   The intervenor therefore cannot complain of the action of the court holding there could be redemption.

*2. ——: mortgage: foreclosure: tenant in common: redemption.*

It is insisted, the intervenor was entitled to rents and profits after his right as a tenant in common was denied.   We fail to find the referee made any finding upon this subject, and as the exceptions to his report are not set out in the abstract, we are unable to say this matter was brought to the attention of the Circuit Court.

The referee found the amount required to redeem, and allowed six per cent interest thereon from the time the several amounts were paid. It is insisted the interest should have been ten per cent. In this we do not concur.

AFFIRMED.