## HOLBROOK v. PERRY ET AL.

1. **Fraudulent Conveyance:** EVIDENCE NOT ESTABLISHING. The evidence in this case held insufficient to show fraud in a conveyance from husband to wife.

2. **Homestead:** IN PROPERTY OF DECEASED WIFE: RIGHTS OF SURVIV- ING HUSBAND. Where the title to the land, including the homestead, is in the wife, the surviving husband has the right to elect to retain the homestead for life, or to take, in lieu thereof, one third of the whole property in fee. In such case, the continued occupancy of the homestead, in the absence of an election to take a distributive share, will be deemed an election to occupy as survivor; (*Butterfield v. Wicks*, 44 Iowa, 310;) and a court has no authority in such a case to make an election for the survivor, and assign to him a distributive share, even though such share is more valuable than the right of occupancy; and much less has it authority to subject such share, so set apart, to the payment of his debts.

*Appeal from Harrison District Court.*

THURSDAY, JUNE 4.

ACTION to set aside certain conveyances of land made by the defendant, William Perry, to his wife in her life-time, and also to determine the interest of the said Perry in the real estate of which his wife died seized, and to subject such interest to the payment of a judgment obtained by the plaintiff against him. The court refused to set aside the convey- ances, but it set out to the defendant, Perry, one-third in value of the real estate of which his wife died seized, including the dwelling-house, and decreed that the same be subjected to the payment of the judgment. The plaintiff appeals from the order refusing to set aside the conveyances, and the defendants appeal from the remainder of the decree; the latter perfecting their appeal first.

*S. H. Cochran*, for appellants.

*H. H. Roadifer, A. W. Clyde* and *J. H. Smith*, for appel- lee.

Holbrook v. Perry et al.

ADAMS, J.—I. The plaintiff alleged that the conveyances made by the defendant Perry to his wife were made to defraud

1. FRAUDU-
LENT convey-
ance: evi-
dence not
establishing.

creditors. But, in our opinion, there was not sufficient evidence to sustain the allegation, and we think the court rightly refused to grant the plaintiff relief upon that ground.

II. We come now to consider the question presented by the defendant's appeal. The defendant Perry's wife, Mary

2. HOME-
STEAD: in
property of
deceased
wife: rights
of surviving
husband.

L. Perry, died, seized of about 600 acres of land. A part of this land had belonged to one Parker, a former husband of Mary L. Perry. During Parker's life it embraced the homestead of the family.

The defendants, Cyrus S. Parker, T. B. Parker and Isaac Parker, are children of Mary L. Perry by her first husband. After Parker's death his widow continued to occupy the homestead with her children, a part of whom reside there still. After her marriage with Perry he came and occupied the homestead, and lives there still as the head of a family, composed of himself and a part of the other defendants, the Parker children. By the decree below these children, as well as Perry, have virtually lost their homestead.

The questions presented are as to the interest which Perry acquired as the husband of Mary L., and as to the power of the court to set out to him one-third of the real estate of which she died seized, including the dwelling-house, and subject the same to the payment of his debts. Perry, upon the death of his wife, became entitled to occupy the whole homestead as survivor and head of the family during his life. Code, § 2007. He might, to be sure, elect to take instead thereof one-third of the whole real estate, and have the same set out to him in fee-simple as his distributive share. Code, § § 2008, 2441, 2443, 2444. Perry did not elect to take a distributive share. He simply continued to occupy the homestead as survivor and head of the family. While so occupying, in the absence of an election to take a distributive share, it is not competent for a court to dispose of his right of occupancy by

forcing upon him, in lieu thereof, a distributive share. His continued occupancy as survivor will, in the absence of an election to take a distributive share, be deemed an election to occupy as survivor; (*Butterfield v. Wicks*, 44 Iowa, 310;) and this must be so, even though the distributive share should appear to be the more valuable; for other considerations might control, and the husband cannot be deprived of his right of election. It is true, the court below called upon Perry to elect, and he refused to say anything, probably not being fully advised in regard to his rights and those of his family. But, so long as he was silent, his election, as evinced by his occupancy, should be deemed in force. Besides, we cannot see how, in any view, he was obligated to say anything. If he had still a right of election, it was a statutory right existing so long as it might, under the statute, and it was not, we think, the right of the court to foreclose it, and elect for him.

We have already said in substance that it is no proper answer to Perry's position to say that what he obtained is more valuable than a right of occupancy as survivor. But we will add that there are other defendants, children and heirs of Mary L. Perry. It cannot be said that they are not prejudiced. Nor, indeed, can it be said that Perry himself was not prejudiced. His mere right of occupancy was not property which could be sold upon execution. *Butterfield v. Wicks*, above cited. It was to him, probably, under the circumstances, more valuable than property which could be made the subject of sale.

On the plaintiff's appeal the decree must be affirmed, and on the defendants', reversed.