CLARA L. ROBSON, Appellant, v. ALICE LAMBERTSON, *et al.,* Appellees.

.Election to Take Homestead in Lieu of Distributive Share:    NOT ESTABLISHED. Code 1873, section 2007, gave a widow the right to occupy the homestead until otherwise disposed of according to law. Sections 2007 and 2008 provided that the setting off of the distributive share of the wife shall be such a disposal of the homestead as is contemplated in the preceding section, but the survivor may elect to retain the homestead for life in lieu

of a distributive share in the real estate. A surviving widow, having two children, remained in possession of the homestead, and her two daughters, who remained with her, until they were married, executed a lease of the premises to her during life, and she was appointed administratrix of her husband's estate, and as such paid the living expenses of the family, settled with the heirs for their shares in the estate, took the exempt property in her own right, and on filing final report was discharged. She left a will devising her interest in the lands. *Held*, that there was not an election to take homestead in lieu of her distributive share.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

SATURDAY, JANUARY 25, 1902.

SUIT in equity for the specific performance of a contract for the sale of land, made by one of the defendants with plaintiff, and to quiet plaintiff's title to the premises against all the defendants. The trial court denied the claim for specific performance, found that plaintiff was the owner of an undivided two-thirds of the real estate, that defendant Geo. Kendall was the owner of an undivided one-sixth, that his co-defendant Lorinda Dobler was also the owner of an undivided one-sixth, and established and confirmed their shares accordingly. Plaintiff appeals.—*Affirmed.*

*Ambrose P. McGuirk* for appellant.

*W. A. Cotton* for appellees.

DEEMER, J.—The case was tried on an agreed statement of facts, from which we extract the following that are deemed material to the controversy: Richard Parrot died intestate February 16, 1878, seised of the real estate in controversy, consisting of 20 acres of land. He left surviving him a widow, Ophelia Parrot, and two children, Clara Robson and Alice Lambertson. August 9, 1878, these children

executed to their mother a lease of all their interest in and to the said real estate for and during her natural life. The mother took possession of the real estate, and held it down to the time of her death, which occurred some time during the year 1898. Ophelia Parrot left a will, in which she devised all her interest in the real estate of her deceased husband to defendants George Kendall and Lorinda Dobler. July 27, 1899, Alice Lambertson and her husband entered into a contract whereby they agreed to sell the interest of said Alice in and to the real estate in controversy to plaintiff. Since the commencement of the action they have made a deed pursuant to the contract, and this branch of the case need not be further considered. Ophelia Parrott never had a homestead in the land set off to her, and did not elect to take a homestead in lieu of her distributive share, unless it be that the facts to which we shall now refer constituted such an election. At the time of his death Richard W. Parrott, with his family, was in the possession and occupancy of the land. The deed or lease of the life estate from the children to the mother was executed within a few months after the death of the husband and father, and the mother continued to remain on the premises, paid taxes, made improvements and repairs thereon, and received the rents and income thereof until her death. Her children remained with her on the premises until they were married. Ophelia was appointed administratrix of her husband's estate, and as such paid the living expenses of the family, settled with the heirs for their share of the estate, took the exempt property in her own right, and on filing a final report showing these facts was discharged. Do these facts, in addition to those just recited, show such an election to take homestead instead of distributive share as to defeat the defendants of their claim under the will? The question is not what constitutes an election to take under a will, and thus defeat distributive share, but what constitutes an election to take homestead in lieu of distributive share. Under the law as it

existed when Richard Parrott died the widow had the right
to continue in the occupancy of the homestead until other-
wise disposed of according to law. Code 1873, section 2007,
2008, provided: "The setting off of the distributive share
of the husband or wife in the real estate of the deceased
shall be such a disposal of the homestead as is contemplated
in the preceding section. But the survivor may elect to
retain the homestead for life in lieu of such share in the
real estate of the deceased." These sections were a little
obscure, and provocative of so much litigation that the leg-
islature, in adopting the Code of 1897, following the recom-
mendations of the code commissioners, enacted a new sec-
tion (Code 1897, section 3377), which it is hoped will
clear up the doubts theretofore existing, and make plain the
course of procedure to establish an election on the part of
the widow. This case cannot, however, be determined under
the new law. It is claimed by appellant that, as the widow
continued to occupy the premises, including the homestead,
from the time of her husband's death down to the time of
her demise, this should be held to be an election to take the
homestead in lieu of distributive share. In some cases oc-
cupancy of the homestead by the survivor has been held to
be such an election. *Conn v. Conn,* 58 Iowa, 747; *Butter-
field v. Wicks,* 44 Iowa, 310; *Stevens v. Stevens,* 50 Iowa,
491; *McDonald v. McDonald,* 76 Iowa, 137; *Schlarb v.
Holderbaum,* 80 Iowa, 394; *Zwick v. Johns,* 89 Iowa, 550,
and cases cited. See, however, *Whited v. Pearson,* 87 Iowa,
513, and *Whited v. Pearson,* 90 Iowa, 488. But this oc-
cupancy merely creates a presumption, and under some cir-
cumstances may not be considered important or controlling.
*Stephens v. Hay,* 98 Iowa, 37; *Wold v. Berkholtz,* 105
Iowa, 370; *In re Franke's Estate,* 97 Iowa, 704; *Blair v.
Wilson,* 57 Iowa, 177; *McDonald v. Young,* 109 Iowa, 704.
Some of the cases last cited hold that, where the widow is
in possession under a will giving her a life estate, no pre-
sumption of election to take homestead arises. And in the

*Stevens Case* it is held, in effect, that, if the occupancy of the survivor is not inconsistent with her claim to distributive share, it should not be held to be an election. In the instant case there is no showing as to how or under what claim the widow remaind in possession of the premises. As she had a lease from the heirs, which gave her the right to the possession of the entire premises; we think it should be referred to that instrument, rather than to an intent to take the homestead in lieu of distributive share. Her primary right was to a distributive share, and, unless she did something which defeats her of that right, it ought to be sustained. The making of the will, while not controlling, indicated an intention on her part to take distributive share; and under the circumstances disclosed by the record there was nothing in her occupancy inconsistent therewith. The cases last cited seem to be conclusive on this proposition. As the widow took an undivided one-third interest in the real estate of her deceased husband, the defendants Robson and Kendall, her devisees, are each entitled to an undivided one-sixth interest in the land in controversy.

The decree is correct, and it is AFFIRMED.