[No. 1505, April 8, 1913.]

FAYETTA OWENS, Appellee, v. LIZZIE M. ANDREWS, et al., Appellants.

SYLLABUS (BY THE COURT).

1. An election to take, under a will, may be inferred or implied, from the conduct of the party, his acts, omissions, modes of dealing with either property, acceptance of rents and profits and the like.

2. Courts of equity have never laid down any rule determining for all cases what conduct shall amount to an implied election, but each case must depend in great measure upon its own circumstances.

3. To raise an inference of election from the party's conduct merely, it must appear that he knew of his right to elect, and not merely of the instrument giving such right, and that he had full knowledge of all the facts concerning the properties.

4. The principle of law precluding the revocation of an election is necessarily the doctrine of estoppel, and there can be no estoppel where there is no injury.

Appeal from District Court, Chaves County.

MADDEN & TRUELOVE, G. A. RICHARDSON, REID & HERVEY, and HERMAN MOHR, for Appellants.

Necessity of election. Common law rule. An express provision in the will in lieu of dower puts the widow to her election. Matter of Gordon, 172 N. Y. 25; note under 92 Am. St. Rep. 605.

.Election is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims, in cases where there is a clear intention of the person from whom he derives one that he should not enjoy both. 40 Cyc. 1957; 20 Dec. Dig. "Wills," sec. 778; Storey Eq. Jur. sec. 1075; Graham v. Rosenburgh, 47 Mo. 111.

A testator having an undivided interest in a particular property devises the property specifically to his co-owner, a case of election does arise, and the devisee must elect between his own interest in the property and the interest given by the will. 40 Cyc. 1960 (d); Pom. Eq. Jur. (3rd ed.) vol. 1, secs. 502-3; Eaton Eq. Jur. 180-185; Penn. v. Guggenheimer, 76 Va. 839; Kinnard v. Williams, 8 Leigh 400; Wilson v. Townsend, 2 Ves. Jr. 697.

Community property rule. The common law rule and doctrine of election is applied in cases where the interest is community property. Note to case of Matter of Gordon, 92 Am. St. Rep. 705; Church New Probate Law and Practice, vol. 2, 1603-5; Ross Probate Law and Practice, vol. 1, sec. 110, page 115; Ballinger on Community Property, secs. 240-1.

Express or implied election. Any act upon the part of the widow clearly manifesting her satisfaction with the provisions which have been made for her in the will in lieu of her interest in the common property, will constitute an election to take under the will. Underwood on Wills, vol. 2, sec. 750, p. 1056; Estate of Stewart, 74 Cal. 98; Rogers v. Threvathan, 67 Tex. 406; Smith v. Butler, 85 Tex. 126; Lee v. McFarland, 46 S. W. 281.

If the rights given by a will are inconsistent with those conferred by law, the acceptance of the former is by necessary implication an abandonment of the latter. Weller v. Noffsinger, 57 Neb. 455.

The proof of an election may be express or it may be

implied from the acts and conduct of the party, but in either case it must have been with knowledge of the party's rights and with the intention of making an election. Showalter v. Showalter, 107 Va. 713; Reville v. Duback, 57 Pac. 522; Pomeroy's Eq. Jur., sec. 515; Jarman on Wills, 435; Cobb v. McFarland, 87 Neb. 408; Penn v. Guggenheimer, 76 Va. 850.

As to knowledge. 1 Pom. Eq. Jur. (3rd ed.), sec. 515; Burton v. Haden, 108 Va. 51; Waggoner v. Waggoner, 125 N. W. 885; Spread v. Morgan, 11 H. L. Cas. 588.

Estoppel by acts in pais. Although the question has not been directly adjudicated in this court, Sill v. Sill, 31 Kas. 248 and James v. Dunstan, 38 Kas. 289, recognize the doctrine of implied election, and that the widow may thereby be estopped from claiming in opposition to such election. Craig's Heirs v. Walthill, 14 Grat. 518; Chace v. Gregg, 31 S. W. 76; Nimmons v. Westfall, 33 Ohio St. 213; Rawley v. Sands, 40 N. E. 674; In re Smith's estate, 38 Pac. 950; Burroughs v. DeCouts, 70 Cal. 361; Reed v. Dickerman, 12 Pick. 146; Watson v. Watson, 128 Mass. 152; Clay v. Hart, 7 Dana 1; 6 Am. & Eng. Enc. L., 254; 1 Pom. Eq. secs. 514-515; note in Callahan v. Robinson, 3 L. R. A. 497; note to Re Estate of Vance, 12 L. R. A. 227; Huhleim v. Huhleim, 87 Ky. 247; Hoggard v. Jordan, 140 N. C. 610; note in 4 L. R. A. (N. S.) 1065; Noe v. Splivalo, 54 Cal. 207; Moore v. Baker, 4 Ind. App. 115; Lewis v. Lichty, 3 Wash. 213; Spaulding v. Ferguson, 158 Pac. 219.

Lapse of time. Acts or conduct indicating an acquiescence on the part of the person entitled to elect in the provisions of the will may be effective and bind such person as an election to take under the will; and under the statutes in a number of jurisdictions a widow's failure to dissent to the will within a certain period operates as a waiver of her dower or statutory rights and an election to take under the will. 40 Cyc. 1892, secs. 83 and 84; 49 Cent. Dig. "Wills," sec. 2060; Pom. Eq. Jur. (3rd ed.), vol. 1, sec. 513.

Where a widow fails to renounce the provisions of her husband's will within six months after probate, she is only entitled to such rights in her husband's lands as the

will gives her, and her claim for dower cannot be considered. Morgan v. Christian, 142 Ky. 14; Brown v. Knapp, 79 N. Y. 13; Tripp v. Nobles, 136 N. C. 99.

Acting as executrix. An election made under the will may be manifested by qualifying and acting as executor, especially where there are other circumstances indicating an intention to take under the will. Stoepler v. Silverberg, 220 Mo. 119; Davidson v. Davis, 86 Mo. 440; Burgess v. Bowles, 99 Mo. 548; Allen v. Boomer, 82 Wis. 364.

Remaining in possession. Howard v. Smith, 78 Ia. 73.

Effect of statement made by appellee. The fact that the wife's oral consent to the will at the time it was written was admissible in the evidence as tending to show her subsequent attitude of mind toward the will. Cook v. Lawson, 63 Kan. 854.

Accepting the bequest under the will, qualifying and acting as executrix of the will, and repeatedly expressing her satisfaction with its provisions in her behalf, are sufficient to prove her acceptance of these provisions certainly against her heirs. Davidson v. Davis, 86 Mo. 440; Stoepler v. Silverberg, 220 Mo. 258; Burgess v. Bowles, 99 Mo. 548.

Suits concerning property. Dawson v. Hayes, 1 Metc. 460, holds that a widow elected to take under the will, where she set up her rights under the will in a suit over property.

An election to take under the will may be manifested by maintaining or participating in actions or proceedings under the will. 40 Cyc. 1978; Whitsell v. Lauder, 25 Ind. App. 257; Smith v. Butler, 85 Tex. 126; Pryor v. Pendleton, 49 S. W. 403; Reville v. Duback, 60 Kas. 572; Underhill on Wills, vol. 2, sec. 726; Jarman on Wills, chap. 15, p. 385; Storey on Eq. Jur., chap. 30; Morrison v. Bowman, 29 Cal. 337; Schley v. Collins, 13 L. R. A.

Acceptance of legacy. Fulton v. Moore, 25 Pa. 468; Goodrum v. Goodrum, 56 Ark. 532; Gilroy v. Richardson, 26 Tex. Civ. App. 355; Noe v. Splivalo, 54 Cal. 209; Estate of Stewart, 74 Cal. 98; Cooke v. Fidelity Trust Co., 104 Ky. 473; Fernstermacher v. Meyer, 35 Pa. 354; Hartwig v. Schiefer, 146 Ind. 64; Huhleim v. Huhleim, 87 Ky. 247; Harmon v. Harmon, 80 Conn. 44; Williams v. Campbell, 85 Kas. 631.

Owens v. Andrews, 17 N. M. 597.

Effect of election upon third parties. An election cannot be revoked where the result of the revocation would be to injuriously affect a third person who has altered his position on or acquired rights in reliance upon the election originally made. 49 Cent. Dig. "Wills", sec. 2064; Goodrum v. Goodrum, 56 Ark. 532; In re Dunphy, 147 Cal. 95; In re McFarlin, 75 Atl. 281; Ward v. Ward, 134 Ill. 417; Dudley v. Pigg, 149 Ind. 363; Dundas v. Hitchcock, 12 How. 256; 125 N. W. 885; Pirtle v. Pirtle, 84 Kas. 782.

U. S. BATEMAN, for Appellee.

Upon the question of the necessity for election. Sec. 6, chap. 62, laws of 1901; 77 Mo. 162; Stoeper v. Silverberg, 119 S. W. 422; Egger v. Egger, 123 S. W. 928.

What constitutes an election? 40 Cyc. 959; secs. 20 and 25, C. L. 1897; Prior v. Pendleton, 47 S. W. 707; Smith v. Butler, 85 Tex. 130; Philleo v. Holliday, 24 Tex. 45; Carroll v. Carroll, 20 Tex. 745; Stone v. Vandermark, 34 N. E. 151; Story on Eq. Jur., sec. 1093; 1 Pomeroy Eq., secs. 514, 515; In re Peck's Estate, 68 Atl. 438; Strafford v. Powell, 1 Ball. & B., 1; Dillon v. Parker, 1 Swanst 380; Edwards v. Morgan, McVlell 541; Padbury v. Clark, 2 Macn. & G. 298; Whitridge v. Parkhurst, 20 Md. 62; Hill v. Hill, 15 S. E. 675; Goodrum v. Goodrum, 20 S. W. 353; Yorkly v. Stinson, 97 N. C. 236; Hoggard v. Jordan, 53 S. E. 223; Collier v. Collier's Exrs., 3 Ohio St. 369.

Revocation of an election. 40 Cyc. 1977, 1978, 1986; In re Schweitzer's Estate, 4 Lanc. Law Rev. 369; Macknet. v. Macknet, 29 N. J. Eq. 57; Anderson's Appeal, 36 Pa. St. 476; Ward v. Ward, 25 N. E. 1012; Tolley v. Poteet, 57 S. E. 818; Tooke v. Hardeman, 7 Ga. 20; Wilbanks v. Wilbanks, 18 Ill. 17; Linton v. Crosby, 61 Ia. 401; Adsit v. Adsit, 2 Johns. Ch. 448; Hindley v. Hindley, 29 Hun. 318; Huston v. Cone, 24 Ohio St. 11; Millikin v. Williver, 37 Ohio St. 460; Bradford v. Kent, 43 Pa. 474; Elbert v. O'Neil, 102 Pa. 302; In re Woodburn's Est., 138 Pa. 606; U. S. v. Duncan, Fed. Cas. No. 15,005; In re Dunphy's Estate, 81 Pac. 319; Dudley v. Pigg, 48 N. E.

643; Burden v. Burden, 141 Ind. 476; Garn v. Garn, 135 Ind. 690; In re Smith's Estate, 40 Pac. 1039; Spratt v. Lawson, 75 S. W. 642; Cook v. Lawson, 66 Pac. 1028.

MADDEN & TRUELOVE, G. A. RICHARDSON, REID & HERVEY, and HERMAN MOHR, for Appellants in reply.

Election by the widow was necessary in this case. Estate of Cunningham, 137 Pa. St. 621; Hoover v. Landis, 76 Pa. St.; Church New Probate Law and Practice, vol. 2, 1602; Matter of Gilmore, 81 Cal. 240; Herrick v. Miller, 125 Pac. 974; Lee v. Templeton, 73 Ind. 315; Caulfield v. Sullivan, 85 N. Y. 153; In re Powell, 225 Pa. St. 518; Estate of Cunningham, 137 Pa. St. 621; Tripp v. Nobles, 136 N. C. 99; Estate of Bump, 92 Pac. 643; Estate of Lufkin, 131 Cal. 293; Estate of Vogt, 36 Cal. 392; Matter of Gilmore, 81 Cal. 240; Matter of Stewart, 74 Cal. 98; Noe v. Spilavo, 54 Cal. 209; Morrison v. Bowman, 29 Cal. 337; Wells v. Petree, 39 Tex. 428; Mayo v. Tudor, 74 Tex. 471; Gilroy v. Richards, 26 Tex. Civ. App. 355; Cooke v. Fidelity Trust, etc. Co., 104 Ky. 473; Schweitzer v. Bonn, 38 Atl. 302; Irwin v. McDowell, 34 Pac. 708; National Sewing Mach. Co., 74 Fed. 557; Bryan v. Bryan, 62 Ark. 79; 11 A. & E. Enc. of Law, 85; Collins v. Collins, 126 Ind. 562; Hall's Case, 1 Bland 203; Herbert v. Wrenn, 7 Cranch 370; Reade v. de Lea, 14 N. M. 442; 30 A. & E. Enc. of Law, 673; White v. White, 30 Vt. 338; Hopkins v. Halt, 9 Wis. 228; 11 A. & E. Enc. of Law, 92; Higginbotham v. Cornwall, 56 Am. Rep. 130; Helme v. Strater, 30 Atl. 333; Bannister v. Bannister, 37 S. C. 529.

There was sufficient knowledge and intention to constitute an election. Dawson v. Hayes, 1 Metc. 460; 40 Cyc. 1989; Brown v. Contrell, 62 Ga. 257.

An election cannot be revoked where the result of revocation would be to injuriously affect third persons who have altered their proposition or acquired rights in reliance upon the election originally made. 40 Cyc. 1985; 11 A. & E. Enc. of Law, 98; Cory v. Cory, 37 N. J. Eq. 198; Tripp v. Nobles, 136 N. C. 99; Penn v. Guggenheimer, 76 Va. 839; Cooper v. Cooper, 77 Va. 199; Evan's

Appeal, 51 Conn. 435; Stevens v. Gibbs, 14 Fla. 331; Ashlock v. Ashlock, 52 Ia. 319; Kats v. Schnair, 87 Hun. 346; Buist v. Dawes, 3 Rich. Eq. 281.

Beneficiaries under a will accepting the benefits thereunder are bound by their election. Johnson v. Avery, 148 S. W. 1156.

Knowledge of legal rights. Light v. Light, 21 Pa. St. 407; Rhodes Estate, 11 Pa. 103; Gillam v. Gillam, 29 Grant's Ch. 379; Evan's Appeal, 51 Conn. 435; Garn v. Garn, 135 Ind. 687; Macknet v. Macknet, 29 N. J. Eq. 54; Penn v. Guggenheimer, 76 Va. 839; Waggoner v. Waggoner, 111 Va. 325.

Time in which revocation must be made. Whitsell v. Stickler, 167 Ind. 602; Wanzer v. Wanzer, 2 Ohio. Dec. 323; Grattan v. Grattan, 18 Ill. 167; 40 Cyc. 1974; Coumpler v. Barfield, etc. Co., 115 Ga. 570; McGinnis v. McGinnis, 1 Ga. 496; Wilson v. Moore, 86 Ind. 244; Piercy v. Piercy, 19 Ind. 467; Merrill v. Emmery, 10 Pick. 507; Cooper v. Cooper, 77 Va. 198; Fell v. Parkin, 52 L. J. Q. B. 99; Lackland v. Stevenson, 54 Mo. 108; Hanbest v. Gratson, 206 Pa. St. 59; Yorkley v. Stinson, 97 N. C. 236; Dundas et al v. Hitchcock, 12 How. 256.

## STATEMENT OF FACTS.

The appellee, Fayetta Owens, now Mrs. Chase, brought this action in equity to obtain a decree sustaining her claim to her part of the community property left by the death of her former husband on April 25, 1907.

Decedent left a will, in which he provided by an alleged agreement with the appellee that she was to share equally with their children all the estate. She was nominated one of the executors. She had the will probated, qualified as executrix, and acted in that capacity for over three years. The defendants below are her children and the only other heirs of her former husband. The pleadings brought the whole controversy down to a single issue, viz: was there an election on her part to take under her former husband's will? Her claim is based upon the statute providing for the distribution of community property, the affirmative of the issue devolving upon the defendants below. The cause came on to be heard at the May, 1910, term of the Dis-

trict Court for Chaves County, the Honorable William H. Pope, presiding. The court found the issue in favor of of the plaintiff below. From this finding and the decree rendered, this appeal is prosecuted. The additional facts necessary to this opinion are fully set out therein.

### OPINION OF THE COURT.

HANNA, J.—All the property affected by this case is admitted to be community property, in which the widow had a one-half interest, and in which, by the terms of the will, she was given a one-tenth interest. It being insisted by appellants that by the terms of (sec. 3) the will, the widow was put to an election as to whether she would take, under the statute, her community interest, or the provisions made for her in the will. Appellants admit that no express election was made, but that one must be implied by her conduct.

The section of the will referred to is as follows, viz:

"3rd. It is my will and desire, and in accordance with the agreement and understanding between myself and my wife. I do hereby give, devise and bequeath to my wife, Fayetta Owens, if living at the time of my death, a like amount and share in all of my estate and property with each of my children, and I give, devise and bequeath to my said wife a portion of my said estate equal to a child's part therein, in lieu of any interest she would have as my widow under the laws of the State of Texas, and the Territory of New Mexico, to have and to hold to her heirs and assigns, forever."

Text writers agree that an election to take, under a will, may be inferred or implied, from the conduct of the party, his acts, omissions, modes of dealing with either property, acceptance of rents and profits and the like.

"Courts of equity have never laid down any rule determining for all cases what conduct shall amount to an implied election, but each case must depend in great measure upon its own circumstances." 1 Pomeroy's Eq. sec. 515.

While the trial court expressed doubt as to whether

this was a case calling for an election, the point was waived and the question considered as one calling for an election. We think the case should be so considered.

The next question, therefore, is, did the plaintiff, appellee here, make her election. It would be borne in mind that this state has no statute governing election, or providing for the time within which an election must be made. It is contended by appellants that the record discloses many facts from which an election, by appellee, must be implied. They point out that she accepted a legacy; probated the will and is acting as executrix without bond; is being paid a compensation for administering upon the estate, thus accepting another benefit and evidencing her intentions to take under the will; has accepted an allowance from estate funds for maintenance of her minor children; has drawn from estate funds money with which to pay attorney's fees, incurred in defending the son who was charged with the murder of the man who killed her former husband; that she has used the estate funds, at her will, and for her benefit to such extent that she is precluded from revoking her election.

On the other hand the plaintiff testified, among other things, to the following facts, viz: that she had nothing to do with the making of the will, and never had the agreement with her husband, referred to therein; that she had been so completely under the influence of her late husband that after his death she wished to manage the business affairs and dispose of the property just as her husband had directed; that the probating of the will and plaintiff's acquiescing in it for the length of time she did "was more to carry out his ideas than it was anything else;" that the will in question was probated in August, 1907, when she qualified as one of the executors; she did not remember that Mr. Maden advised her that she could elect to take under the law and was not bound to take under the will; that she "did not remember anything that he said about the will much, because I was worried so about Sonie—we went up there more to see about Sonie's case than anything else and if he told me that, I can't remember it. I didn't pay much attention to what they said

anyway;" that she was greatly worried and hardly knew what she was doing, as she said, "because I was worried and grieved so over my husband's death and had worried so over my boy; I was not thinking about my rights at all; I was just trying to do as Mr. Owens directed; I never gave it a thought;" that she did not have any knowledge as to what the laws of the territory provided about the community property, and first knew upon consulting her attorney in this case that under the laws of New Mexico she was entitled to a one-half interest in the community property; that at the time of probating the will she did not know what she was entitled to under the laws of New Mexico; that she knew that Mr. Gibbany, a lawyer, had drawn the will, and therefore thought that it was valid; that up to the time she had words with her son she had never consulted any attorney "with reference to the will or the law governing estates in the Territory of New Mexico or in the State of Texas, or what might be her rights one way or the other;" that she had always managed the estate as though it belonged to her; that Mr. Gibbany was the attorney for the plaintiff as executrix and she consulted with him about her rights and he in substance advised her to let the sale of the real estate in Texas go through and also advised her that she could not take under the law, but was bound to take under the will; that no report was ever made to the probate court, and the will has not been probated in New Mexico; that she never knew anything about an election; that she and the adult defendants, after the institution of this action, undertook to compromise the same, because of this agreement to compromise, and before it was abandoned she accepted $2,000 as her legacy, but paid out of it to Mr. Gibbany $1,082; that she had a talk in the spring of 1909 with a lady on a train that caused her seriously to consider her legal rights in the estate of her late husband and it was in the fall of 1909 that she decided to abandon her rights under the will and take under the law; that she had intended to take under the will, supposing at the time that she must do so; that she had asked Attorney Gibbany if she could break the will, but as Mr. Gibbany drew the will and was a lawyer, and from what he told her, she had an

abiding conviction that it was valid and could not be done away with.

The foregoing brief of the evidence constitutes but a small portion of the evidence adduced, at the trial, pertaining to this issue in the case. We have examined the record in its entirety and believe that the character of the controversy is clearly pointed out by the evidence here referred to. It is from these, and similar facts, that we must determine whether an election can be implied from the conduct and statements of appellee.

The learned trial judge in his written opinion, filed in this case, expressed himself upon this question in the following language:

"The court is not convinced by this testimony, especially in the light of the denials of Mrs. Owens of her knowledge of her rights under the law, that at the time she did the acts alleged to constitute an election, she had such knowledge of her rights as would justify the court upon that ground in shutting her out from an exercise of her rights under the law at this time. The uncertainty of Mr. Gibbany's testimony—not unnatural considering the interval of time from the making of the will to the giving of his testimony—and the circumstances under which she made, if at all, the statements to Mr. Mangum coming so soon as they did after her husband's homicide, fail to carry conviction that during this period she was intelligently surrendering a one-half interest in the estate for a one-tenth interest. The law does not enforce upon heirs, and especially upon widows, a hasty choice of rights, and the inadequacy of the provision in the will for this spouse of 26 years co-operation with her husband is not without weight in deciding whether her acts were done with intelligent intention to elect. * * * The court will not enforce upon her an alleged election, with results so disproportionate to elements of justice without clearer proofs of an intelligent and discriminating choice, with full knowledge of the facts, than is here shown."

Pomeroy, at sec. 515, says under the subject of implied election that:

"To raise an inference of election from the party's conduct merely, it must appear that he knew of *his right to*

*elect,* and not merely of the instrument giving such right, and that he had full knowledge of all the facts concerning the properties." See also Stone v. Vandermark, 34 N. E. 151. In re Peck's Estate, 68 Atl. 438.

In the light of all the evidence and the principles of law applicable thereto, we cannot say that the appellee had such knowledge of her rights even though she possessed full knowledge concerning the property and intended an election, as would bind her to an implied election to take under the will arising from conduct, or thoughtless statement. We are more inclined to believe her statements to the effect that she was worried and grieved over her husband's death, and worried so about her boy's predicament that she was not thinking about her rights at all. We agree with the authorities that the acts and declarations relied upon must be unequivocal, and must clearly evince an intention to elect and take under the will, and the choice must be made by the widow, with her full knowledge of her rights and the status of the estate. We might discuss the evidence at greater length, but it is needless to do so as we find no error in the assignments pertaining to this question.

The remaining assignments of error have to do with the question of the widow's right to revoke her election if one was made. We might urge that our opinion as herein expressed makes it unnecessary to pass upon this question, or the remaining assignments of error, but the questions are so intermingled that we will speak of the conclusions our studies have led us to adopt.

We are mindful of the fact that in this, as in the other numerous questions pertaining to elections, the authorities are apparently in hopeless confusion. The courts have determined the cases almost entirely upon the facts pertaining to each in an earnest desire to do equity. The divergent facts leading to the seeming conflict, our examination of numerous authorities cited by counsel in their able brief, leads us to the opinion that this conflict is less real than apparent, and that through nearly all the authorities there runs a consensus of opinion that, "to make the enforcement of one demand which is inconsistent with another a final and binding election to take that, and not

the other, the party must either be shown to have acted advisedly, with a proper knowledge of all the circumstances, and with a consciousness of the effect of the act relied upon, or the party adversely interested must have so changed his position in reliance upon such action that it would be inequitable to permit the party, who has the choice to recede from his former action." Young v. Young, (N. J.) 27 Atl. 634; Hill v. Hill, (Ga.) 15 S. E. 675; Goodrum v. Goodrum, (Ark.) 20 S. W. 353.

We think that the principle of law precluding the revocation of an election is necessarily the doctrine of
4  estoppel, and that there can be no estoppel where there is no injury. The injury claimed to have resulted to two of the appellants by reason of investments made on the strength of prospects from the estate seems to us to be too speculative to come within the class of injuries which might operate as an estoppel. So too we consider the facts pertaining to the marriage of certain of the children, alleged to have been entered into in contemplation of their rights under the will. We see no change of status, in these appellants, that cannot be corrected by the judgment of the District Court.

Finding no error in the record, the judgment of the District Court of Chaves County is affirmed.

SYLLABUS (BY THE COURT).

