Maynard Franklyn Mensinger, Appellee, v. Wilhelamena Mensinger Hass et al., Appellants.

No. 47331.

(Reported in 35 N. W. 2d 461)

JANUARY 11, 1949.

Lee R. Harding, of Clinton, for appellants.

W. N. Williams, of Clinton, for appellee.

GARFIELD, J.—The question presented is whether decedent's widow may retain the homestead for life in lieu of her distributive share in decedent's real estate. See section 561.12, Code, 1946 (10146, Code, 1939).

Frank Mensinger died intestate May 1, 1936, the owner of a homestead in Clinton here in controversy and a one-fifth interest in real estate in Camanche. He left a widow, Wilhelamena, a son, Maynard, two daughters, Julia and Fernanna, and an infant son, Gerald, who died about eight months later. Maynard brought this partition action in September 1947 against his mother and the two minor daughters for sale of the homestead and division of the proceeds on the theory his mother took her distributive share of one third therein. (See section 636.5, Code, 1946.)

The mother claimed the right to retain the homestead for life in lieu of her distributive share in the real estate. The trial court denied her claim on the ground that certain conduct of hers amounted to an election to take such distributive share. The widow and minor daughters have appealed.

No probate proceedings were had upon decedent's estate. Before this action was commenced the widow had not made or filed any formal election to take either the right to occupy the homestead for life or her distributive share, nor had there been any written notice to her to make such election. (See Code section 636.27.)

The property in controversy was the homestead of decedent and his family when he died and the widow and children have

continued to live there. The widow married George Hass in 1939. Hass and three children born to that marriage have also lived in the property continuously.

The conduct of the widow which plaintiff claims amounts to an election to take her distributive share is this:

When he died decedent and his four brothers each owned a one-fifth interest in the Camanche property which was occupied by their mother with the sons' consent until her death in 1938. Early in 1941 this property was sold for $1000. Wilhelamena joined in a warranty deed to thirteen-fifteenths interest therein and was paid one fifteenth of the $1000 on the theory she owned one third of a one-fifth interest.

The widow as guardian of her three minor children applied to the court for authority to sell what she believed was the minors' two-fifteenths (two thirds of one-fifth) interest in the Camanche property. Such authority was granted and in February 1941 she executed a guardian's deed to the purchaser for such interest for which she received as guardian $133.33 (two fifteenths of $1000) of the total purchase price.

Before it was decided to sell the property in Camanche two of decedent's brothers talked to the widow about the matter and she consented to the sale. While Wilhelamena once admitted she must have taken the interest she had in the Camanche property from her husband, she said she thought the property belonged to decedent's mother and she never knew her husband owned any interest in it. It does not clearly appear she understood just how she acquired her interest in the property at Camanche.

Actually Wilhelamena would inherit no part of the Camanche property if decedent's mother had owned it—the share which would have fallen to decedent had he survived his mother would descend to decedent's children as his heirs. Code section 636.31; Reichard v. Chicago, B. & Q. R. Co., 231 Iowa 563, 582, 583, 1 N. W. 2d 721, 732, and citations; In re Vigil's Estate, 38 N. M. 383, 34 P. 2d 667, 93 A. L. R. 1506, and annotation 1511.

In April 1947, plaintiff had recently come of age and talked to his mother about buying the homestead. She said she did not

want to buy it, that she had a one-third interest in it and agreed to sell the property to plaintiff who was going to use what he believed was his two-ninths interest in it as a down payment. Plaintiff thereupon arranged for a loan to finance the purchase.

On April 26, 1947, Wilhelamena as guardian of her two minor daughters filed in court her verified application for authority to sell their supposed four-ninths interest in the homestead reciting that she owned a one-third interest therein and plaintiff, Maynard, the remaining two ninths thereof. Time of hearing on the application was fixed, notice given, a guardian ad litem for the minors was appointed and answer filed. Order authorizing sale was made on May 5 finding that Wilhelamena "has elected to take and now owns a one-third interest in said real estate" and plaintiff and the two minor daughters each own two-ninths interest.

When Wilhelamena's husband was asked to join in a deed to the property he and then she consulted an attorney who advised them she had the right to retain the property for life in lieu of her distributive share in the realty. They then refused to sign the deed and this action followed.

Attached to defendants' amended answer filed January 16, 1948 is a paper dated the preceding day signed by Wilhelamena stating in part, "I hereby elect to occupy the homestead in lieu of my distributive share of his real estate." Upon the trial she testified, "The only thing I knew was that I owned one-third after their dad died and the children owned the rest." She also said she would like to occupy the homestead for life; she was willing to place in the guardianship funds any money due the children from her for the sale of their interest in the Camanche property; no one ever explained to her before she and her husband consulted the attorney (about May 1947) she had a right to occupy the homestead for life in lieu of her distributive share and she was unaware of such right. The two daughters, then fourteen and nineteen, testified they would like their mother to have the right to occupy the property for life.

Plaintiff's petition alleges the widow owns one-third and

plaintiff and his two sisters each two-ninths interest in the homestead. Defendants' answer states Wilhelamena has the right of occupancy for life and subject thereto plaintiff and each daughter owns one-third interest. Both sides apparently overlooked the fact that Wilhelamena inherited the interest of the deceased infant son in decedent's estate until the trial court so stated during the trial. (See Code sections 636.32, 636.39.) Each side then filed a pleading which recognizes that the widow inherited such share. The decree fixes the widow's share at one half (one third plus one sixth) and the shares of plaintiff and his two sisters at one sixth (one fourth of two thirds) each.

Section 561.11, Code, 1946, in force now and when decedent died, provides that the surviving spouse may continue to occupy the homestead until otherwise disposed of according to law. Section 561.12 states the survivor may elect to retain the homestead for life in lieu of distributive share in the real estate of deceased. For the distinction between the right conferred by each of these statutes see McMinimee v. McMinimee, 238 Iowa 1286, 30 N. W. 2d 106, and citations; Crouse v. Crouse, 219 Iowa 736, 741, 742, 259 N. W. 443, and citations. The widow here claims the right conferred by 561.12.

Section 636.27 provides in part that within six months after written notice to the survivor given by any heir the former may elect to take the distributive share or the right to occupy the homestead (under 561.12) which election shall be entered of record. Section 636.28 states that a failure to make such election shall be a waiver of the right to occupy the homestead in lieu of distributive share. Since, as stated, the widow was never served with such notice to elect, it is not claimed section 636.28 is applicable here.

In accordance with the authorities generally we have uniformly held that an election as between distributive share and life retention of the homestead, at least in the absence of the statutory notice to elect, need not be formal but may be implied from unequivocal acts or conduct, with knowledge of the survivor's rights, clearly indicating an intention to elect. See Stoddard v. Kendall, 140 Iowa 688, 694, 695, 119 N. W. 138; Jackson v. Grant, 224 Iowa 579, 585, 278 N. W. 190;

Berry v. Donald, 168 Iowa 744, 150 N. W. 1048 (where the election was between a will and distributive share) ; annotation 82 A. L. R. 1509.

Whether there has been an election by conduct depends on the facts of each particular case. 28 C. J. S., Dower, section 74; 57 Am. Jur., Wills, section 1536; annotation 82 A. L. R. 1509, 1510.

■ Immediately upon the death of her husband Wilhelamena became vested with an undivided third interest in his real estate subject to be divested by a later election to retain the homestead for life in lieu of such distributive share. The surviving children became vested with the remaining two-thirds interest as tenants in common with their mother. Jackson v. Grant, supra, 224 Iowa 579, 581, 278 N. W. 190, and citations; Coomes v. Finegan, 233 Iowa 448, 454, 7 N. W. 2d 729, 732, and citations.

■ We have repeatedly held the survivor's right to distributive share is the primary right and the survivor takes such share unless it appears there has been an election to retain the homestead in lieu thereof. In the absence of evidence the presumption is the survivor takes the distributive share. Jackson v. Grant, supra, 224 Iowa 579, 587, 588, 278 N. W. 190, and citations; Bosworth v. Blaine, 170 Iowa 296, 299, 152 N. W. 567, and citations; Robson v. Lambertson, 115 Iowa 366, 370, 88 N. W. 943.

■ Except for the writing filed after this action was commenced there is nothing here to show the widow's election to retain the homestead for life unless it would be her continued occupancy thereof. Under numerous decisions commencing with Egbert v. Egbert, 85 Iowa 525, 52 N. W. 478, this possession is insufficient evidence of such election. While the widow's occupancy is consistent with the claim she now makes, it is also consistent with her possession as tenant in common with her children or under Code section 561.11. It does not appear she (and the children) occupied under and because of the homestead right. See Jackson v. Grant, supra, 224 Iowa 579, 586–588, 278 N. W. 190, and citations; Wold & Olson v. Berkholtz, 105 Iowa 370, 75 N. W. 329, and citations.

It follows that unless effect be given the written election filed after this suit was commenced, she must be held to have taken her distributive share, as the trial court decreed. Before determining that question perhaps we should consider whether, as the court held, the widow's acts above referred to amount to an affirmative election to take such share.

Obviously the deeds to the Camanche property, the application for authority to convey the minors' interest therein, the application for like authority as to the homestead and the receipt by the widow of $66.67 for her share of the Camanche property were all on the theory the widow took her third and are inconsistent with the claim she now makes.

If it were not shown that until shortly before this suit was commenced the widow was ignorant of her right to retain the homestead for life in lieu of her third such conduct would amount to an election to take her share. See Bosworth v. Blaine, supra, 170 Iowa 296, 152 N. W. 567; Gray v. Wright, 142 Iowa 225, 119 N. W. 612; Robson v. Lambertson, supra, 115 Iowa 366, 88 N. W. 943; McDonald v. Young, 109 Iowa 704, 81 N. W. 155; Wold & Olson v. Berkholtz, supra, 105 Iowa 370, 75 N. W. 329; Stephens v. Hay, 98 Iowa 37, 66 N. W. 1048; Wilcox v. Wilcox, 89 Iowa 388, 56 N. W. 517.

The authorities are in substantial agreement that before such acts as are here shown will constitute an election, at least in the absence of an estoppel, the survivor must have full knowledge of her rights and intend to choose between them. 57 Am. Jur., Wills, section 1536; annotation 82 A. L. R. 1509, 1510; annotation 166 A. L. R. 316, 317; Owens v. Andrews, 17 N. M. 597, 131 P. 1004, 49 L. R. A., N. S., 1072, and note, 1081, 1107. See also Phillips v. Phillips, 204 Iowa 78, 82, 214 N. W. 548; Nick v. Nick, 195 Iowa 351, 189 N. W. 829; Schubert v. Barnholt, 177 Iowa 232, 238, 158 N. W. 662; Zwick v. Johns, 89 Iowa 550, 554, 56 N. W. 665; annotation 81 A. L. R. 740, 747.

In the absence of contrary evidence the survivor is presumed to know her legal rights. Schubert v. Barnholt, supra, 177 Iowa 232, 238, 158 N. W. 662. See also Conn v. Conn, 58 Iowa 747, 748, 13 N. W. 51. Here it appears without dispute the widow had no knowledge of her right to retain the homestead

for life until May 1947. Her emphatic testimony she had not previously been advised of such right is corroborated by repeated testimony of the attorney to whom she had gone previous to this action, an associate of plaintiff's attorney here, that he recalls no such advice to her. That the survivor did not know until the trial she had inherited the interest of her deceased child also strengthens her contention she was not informed of her rights.

It is not contended the finding of fact in the order authorizing sale of the minors' interest in the homestead that Wilhelamena "has elected to take and now owns a one-third interest" amounts to an adjudication to that effect. That such contention could not prevail see Newton v. Knox, 234 Iowa 1095, 1107, 1108, 13 N. W. 2d 795, 801; Creel v. Hammans, 232 Iowa 95, 99, 5 N. W. 2d 169, 171, and citations; 50 C. J. S., Judgments, section 686, page 142; 30 Am. Jur., Judgments, section 184. The finding is not accurate in any event since it overlooks the fact the widow inherited the interest of the deceased child.

Plaintiff does not argue nor did he plead the widow is estopped to claim life occupancy of the homestead. Subject to certain exceptions not applicable here the rule is an estoppel, if relied upon, must be pleaded. In re Trust of Lunt, 235 Iowa 62, 80, 16 N. W. 2d 25, 34, and citations; Dudley v. Pigg, 149 Ind. 363, 48 N. E. 642, 644; 31 C. J. S., Estoppel, section 153a; 19 Am. Jur., Estoppel, section 179; annotation 120 A. L. R. 8.

We conclude the widow did not affirmatively elect to take her distributive share.

Further, we think effect should be given the survivor's election to retain the homestead filed shortly after this suit was commenced. Our statutes fix no time within which an election must be made where notice to elect under section 636.27 is not given. Unless the time allowed by a statute has expired courts are quite liberal in permitting the survivor to elect even after the lapse of considerable time except where the adverse party has so changed his position because of the delay that it would be inequitable to permit the election.

Here it is shown only that plaintiff arranged for a loan on the strength of his mother's promise to sell to him at a time when she did not know of her right to retain the homestead for life. It does not appear plaintiff incurred expense or even inconvenience in connection with the loan. This is not such a change of position by plaintiff as justifies denial of his mother's right to elect by acting promptly after first acquiring knowledge of her rights. Owens v. Andrews, supra, 17 N. M. 597, 131 P. 1004, 49 L. R. A., N. S., 1072, 1085, 1086, and note, 1081, 1107.

As stated, the widow offered to account for the small excess sum received by her from the sale of the Camanche property. She received only $16⅔ more than she was entitled to as owner of the interest she inherited from her deceased child.

■ Even where a formal election has been made without full knowledge of the survivor's rights courts allow its revocation notwithstanding considerable delay unless the time permitted by a statute has expired or rights of third parties will be injuriously affected or, as stated by some authorities, the elements of estoppel are shown. See authorities last above, also Nick v. Nick, supra, 195 Iowa 351, 189 N. W. 829, and citations; 57 Am. Jur., Wills, sections 1546, 1547; annotation 81 A. L. R. 740, 747, 757.

In addition to the authorities heretofore cited, these decisions, although they involve different statutes pertaining to election, lend support to our conclusion the widow's written election was not too late: Ross v. Alleghany Theological Seminary, 204 Iowa 648, 215 N. W. 710; Arnold v. Livingston, 157 Iowa 677, 139 N. W. 927; Holbrook v. Perry, 66 Iowa 286, 288, 23 N. W. 671.

We conclude the widow should have twenty days from the issuance of procedendo to account to plaintiff and the two minor defendants for any sum received by her from the sale of the Camanche property in excess of what was due her for the one-fourth share she inherited from the deceased child. If such accounting is made she shall have the right to retain the homestead for life in lieu of her distributive share. Subject to

such right, plaintiff, the two minor defendants and the widow each owns an undivided one-fourth interest in the property.

For a decree in harmony herewith this cause is—Reversed and remanded.

All JUSTICES concur.