**In the Matter of the ESTATE of Harold J. KEEGAN, Deceased,**

**Earl E. Fosselman, Executor, Appellant.**

No. 84–608.

Supreme Court of Iowa.

June 19, 1985.

Frederick G. White, Waterloo, for appellant.

R. James Sheerer of Price, Correll & Shearer, Cedar Falls, for appellee, Marion A. Keegan.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

McCORMICK, Justice.

The question here concerns the timeliness of a surviving spouse's election to occupy a homestead for life. Decedent Harold J. Keegan died testate, survived by his wife Marion and four children from a previous marriage. The will was made before Harold and Marion were married and did not mention Marion. The main asset of the estate was the parties' homestead, a modest home in Waterloo. Successor executor Earl R. Fosselman sought to oust Marion from the homestead five years after Harold's death on the ground she did not file a timely election for life occupancy. The trial court held against the executor. Because we find that Marion's election was timely, we affirm.

The problem is one of statutory interpretation. Harold died in 1978, and the rele-

vant statutes are in the 1977 Code. Except as otherwise indicated, our references will be to those provisions.

Section 561.11:

Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated.

Section 561.12:

The survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased.

Section 561.14:

Subject to the rights of the surviving husband or wife, the homestead may be devised like other real estate of the testator.

Section 633.236:

When a married person dies testate as to any part of his estate, the surviving spouse shall have the right to elect to take against the will under the provisions of sections 633.237 to 633.246.

Section 633.237:

Where a voluntary election to take or refuse to take under a will has not been filed by a surviving spouse within two months of the date of the second publication of notice of admission of the will to probate, and the surviving spouse is not the executor of such will, it shall be the duty of the executor to cause to be served a written notice upon the surviving spouse in the manner directed by the court, advising the surviving spouse that the will of such decedent has been admitted to probate, stating the name of the court where the will was admitted and the date when the will was admitted to probate, and notifying such spouse that unless within four months after service of such notice, he files an election in writing with the clerk of such court refusing to take under the provisions of such will, such surviving spouse shall

take under the provisions of the will; provided that if the surviving spouse files his election to take under the will at any time the requirements of this section for serving notice are thereby waived; provided, further, that if within the before described period of four months an affidavit is filed setting forth that such surviving spouse is incapable to make such election, the court shall determine whether there shall be an election to take against the will in accordance with section 633.238; provided further, that the court on application may, prior to the expiration of such period of four months, for cause shown, enter an order extending the time for making such election. If such surviving spouse shall be an executor of the will and fails, within six months after the date of the second publication of notice of admission of the will to probate, to file with the clerk of the court an election to refuse to take under the provisions of the will of the deceased, it shall be conclusively presumed that such survivor consents to the provisions of the will and elects to take thereunder; provided, further, that the court on application may, prior to the expiration of such period of six months, on cause shown, enter an order extending the time for making such election.

Section 633.240:

In intestate estates, or where the surviving spouse elects to take against the will, the surviving spouse may, in lieu of his share in the real property possessed by the decedent at any time during their marriage which has not been sold on execution or other judicial sale, and to which the surviving spouse has made no relinquishment of his right, elect to occupy the homestead. Such election shall be made and entered of record as provided in section 633.245. In making such election, the surviving spouse shall have all the rights as to personal property provided in subsections 2 and 3 of section 633.238. In case of failure to make such

election, the right to occupy the homestead shall be waived.

Section 633.241:

In case the surviving spouse does not make an election to occupy the homestead and file it with the clerk within six months from the date of the second publication of the notice to creditors, it shall be conclusively presumed that such surviving spouse waives the right to make such election. The court on application may, prior to the expiration of such period of six months, for cause shown, enter an order extending the time for making such election.

Section 633.243:

The election to take against the will and the election to occupy the homestead shall be filed in the office of the clerk.

The executor's petition was tried in equity pursuant to Code section 633.33, and therefore our review is de novo. The relevant facts are not in dispute.

One of decedent's children first served as executor. Earl E. Fosselman was the executor's attorney. The second publication of notice to creditors occurred on September 8, 1978. Marion did not file an election to take against the will within two months of that date, but the executor did not then serve her with the notice to elect required by section 633.237. In early March 1979, Marion's attorney, not her present attorney, called attorney Fosselman and asked permission to file Marion's election to occupy the homestead for life a few days late. Fosselman consented.

Marion signed elections to take against the will and to occupy the homestead for life on March 26, 1979, but her attorney did not file them in the clerk's office until August 14, 1979. In June 1983 the executor filed a final report including a petition challenging the timeliness of Marion's election to occupy the homestead, claiming rent, and asking that attorney Fosselman be appointed successor executor. The change in executors was made, and the petition was subsequently tried.

The trial court found that the estate was equitably estopped from challenging Marion's election to occupy the homestead. We find it unnecessary to reach the estoppel issue because we find the election was timely. Thus we do not address the question whether the time constraints in section 633.241 are subject to estoppel or waiver, and we do not recite the circumstances which Marion claims establish estoppel and waiver.

■ The executor admits that Marion's election to take against the will on August 14, 1979, was valid. He recognizes that his predecessor's failure to notify Marion of her right to make this election in accordance with section 633.237 means that the time constraints in that provision were not triggered. *See Sefcik v. Sheker*, 241 Iowa 571, 573–74, 41 N.W.2d 709, 711 (1950) (no statutory period for election exists when statutory notice to elect is not given). No other basis for attacking Marion's election to take against the will is suggested. Therefore we find that Marion's election to take against the will was valid even though it was not filed until almost one year after publication of the second notice to creditors.

This means, however, that the six month period in section 633.241 for electing life occupancy of the homestead expired before Marion elected to take against the will. In contending that Marion was barred from subsequently electing to occupy the homestead, the executor focuses on the language of section 633.241 making the failure to elect within the six month period a waiver of the right to make the election. In contrast to section 633.237, section 633.241 does not require the executor to give the surviving spouse notice of the right to elect. The statute differs from its predecessor which required notice of the election right. *See* Iowa Code § 636.27 (1962); *Mensinger v. Hass*, 240 Iowa 71, 79, 35 N.W.2d 461, 464 (1949).

■ We believe that the question cannot be decided by looking only at section 633.241. We must construe that provision with the other provisions relating to the same

subject and seek to harmonize them if possible. We have a duty to consider the objects sought to be accomplished and attempt a reasonable construction of the provisions that will give effect to their purposes. We must avoid a strained, impractical or absurd construction. *See Doe v. Ray*, 251 N.W.2d 496, 500–01 (Iowa 1977).

The statutes are obviously interrelated. Section 633.236 authorizes a surviving spouse to take against a decedent's will. Section 633.237 establishes procedures for making such an election. Sections 561.12 and 633.240 permit the surviving spouse to elect life occupancy of the homestead in satisfaction of the survivor's elective share in the decedent's real property. This right is waived if the survivor elects to take under the will. *See* S. Kurtz and R. Reimer, *Iowa Estates: Taxation and Administration* § 8.1 at 250 (1975). The election procedure under section 633.237 is designed to fix approximately six months from the second notice to creditors as the deadline for making the election to take against the will, and section 633.241 fixes almost the same six month period as the deadline for making the election to occupy the homestead.

The construction of these provisions advocated by the executor would have the effect of barring Marion from electing to occupy the homestead before she made an election to take against the will. The period specified in section 633.241 expired before Marion made her valid election to take against the will. Marion was excused from electing earlier to take against the will because of the executor's failure to give her the required notice of her right to do so. Yet, pursuant to section 633.240, a surviving spouse in a testate estate can elect to occupy the homestead for life only if such survivor has first elected to take against the will. Thus the executor seeks to deprive Marion of her right to elect to occupy the homestead for life even though it was the executor's fault she did not have notice of her right to put herself in a position to make that election.

In these circumstances we do not believe the legislature intended the time bar of section 633.241 to be effective. The bar operates in testate estates pursuant to the terms of section 633.240 only "where the surviving spouse elects to take against the will...." We hold that the time constraints of section 633.241 govern when an election to take against the will is actually made within six months of the second notice to creditors. When a valid election to take against the will is made subsequent to that period, however, we find that section 633.241 does not govern. In that event, we believe the legislative purposes will be served best by a holding that an election to occupy the homestead for life that is otherwise valid is not barred so long as it is filed not later than the date of the election to take against the will.

This construction of the statutes protects the right of a surviving spouse to elect life occupancy of the homestead even after expiration of the six month period in section 633.241 in circumstances where the spouse excusably has not yet elected to take against the will. At the same time it gives effect to the legislative purpose of fixing a definite date at which the right of life occupancy is cut off if not exercised. Because Marion made a valid election to take against the will subsequent to the six month period and filed her election to occupy the homestead for life on the same date, her election to occupy the homestead was timely.

We recognize that a 1984 amendment, not applicable in the present case, has shortened the period for election of life occupancy of the homestead from six months to four months. *See* 1984 Iowa Acts, 70th G.A. ch. 1080, § 4. This change increases the possibility that a surviving spouse may make a valid election to take against the will after expiration of the period specified in section 633.241 for electing life occupancy of the homestead. The statutory construction we adopt in the present case is responsive to that situation as well as the present one.

The result reached by the trial court in this case was correct.

AFFIRMED.